UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BYRON TAYLOR, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>　　Plaintiff,<br><br>V.<br><br>HD AND ASSOCIATES, LLC,<br><br>　　Defendant. | CIVIL ACITON NO. |

# COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Defendant, HD and Associates, LLC ("HD"), failed to pay Plaintiff, Byron Taylor, and its other Technicians for all hours worked and also failed to pay appropriate overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff and the similarly situated employees he seeks to represent, are current and former employees of HD, who worked as Technicians within the last three years (hereinafter referred to as the "Class Members").

3. HD's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and all other similarly situated Technicians.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Byron Taylor, lives in the Eastern District of Louisiana. Plaintiff was initially employed by HD as a Technician beginning in February of 2019. His written consent is attached hereto as Exhibit 1.

7. The class of similarly situated employees consists of all Technicians who worked for HD within the last three years (hereinafter referred to as "Class Members").

8. HD is a Louisiana limited liability company that may be served through its registered agent, John Davillier, 1107 Wright Ave., Terrytown, Louisiana 70056.

## FLSA COVERAGE

9. At all times relevant to this dispute, HD has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

10. At all times relevant to this dispute, HD has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

11. At all times relevant to this dispute, HD has had annual gross revenue in excess of $500,000.

12. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

13. HD provides telecommunication and installation service, specifically installing cable and internet equipment for COX Communications, for residential and commercial clients.

14. Plaintiff was hired to work as a Technician for HD.  HD controls Plaintiff's conditions of employment. HD similarly controls the conditions of employment for all Class Members. For instance, HD determines the Technicians' pay rate, determines the amount to be deducted from the Technicians' wages through charge-backs, and sets policies and procedures that Plaintiff and other Class Members are required to follow.

15. For instance, Plaintiff and the Class Members were paid on a "point system, regardless of the time spent on the job accumulating those points.  Plaintiff and the Class Members regularly worked over forty (40) hours in a work week in order to complete all of their job assignments.  HD, however, did not pay Plaintiff and the Class Members for all hours worked in order to avoid overtime payments.

16. Plaintiff's primary duties as a Technician consists of: (1) driving to HD's warehouse every morning to pick up the supplies and equipment they will require for the day as well as a list (or route) of customers they will service that day; driving to customers' homes/businesses to install and/or repair equipment; calling customers to confirm appointments; attending meetings required by HD; and submitting electronic information of completed jobs throughout the day.

17. As a Technician, Plaintiff regularly worked more than forty (40) hours per workweek. Plaintiff was not a member of management.  Neither he nor any other Class Member had authority to: (1) manage an enterprise, (2) hire or fire other employees, (3) set the pay rates of other employees, (4) create policies or procedures to govern HD's employees, (5) handle employee grievances, (6) determine the type of equipment or materials that HD could use in its operations, (7) plan and/or set HD's budget, (8) enter into contracts on behalf of HD, or otherwise have operational control over HD's business operations and practices.

Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of HD or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of HD's business.

18. Plaintiff and Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

19. HD had the power to discipline and/or terminate Plaintiff and the Class Members, regularly supervised and controlled work schedules and conditions of employment for Plaintiff and Class Members, determined the rate and method of payment of wages and commissions, paid Plaintiff and Class Member wages and made deductions to their wages, and maintained employment records of Plaintiff and Class Members.

20. In addition, HD issued Plaintiff a wage check every other week for some (but not all) hours worked by him during that week period.

21. Moreover, HD deducts the wages earned by Plaintiff from his wage check for customer charge backs, in addition to other items.

22. HD also failed to pay Plaintiff and the Class Members for all hours worked. Specifically, HD failed to pay for the time spent by Plaintiff and the Class Members for duties and responsibilities required of them, including the time spent picking up supplies and equipment from HD's warehouses, waiting in line at the warehouses to pick up/turn in supplies and paperwork, travel time to the first job of the day, travel time between appointments, and time spent attending meetings, among other things.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other persons employed by HD as Technician within three (3) years from the filing of this suit who, like Plaintiff, (i) have not been compensated the correct overtime rate of pay, (ii) have not been paid for all hours worked, and/or (iii) have not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) hours in a single week.

24. HD classified and paid all of its Technicians in the manner described above. HD also made the same improper deductions from the Class Members' wages and calculated their regular (and overtime) rate of pay in the same manner. In this regard, HD maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

25. HD's Technicians all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similar to Plaintiff.

26. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

27. HD possess the names and addresses of all Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and be given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages and overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

*"All of HD's current and former Technicians who worked for HD for the past three years and received pay based upon a point system."*

## CAUSES OF ACTION

28. Plaintiff incorporates the allegations in the preceding paragraphs.

29. HD made improper deductions to Plaintiff and Class Members wages, and failed to pay them appropriate overtime wages required by the FLSA for all hours worked.

30. Plaintiff and the Class Members were not paid the correct overtime rate of pay when they worked more than forty (40) hours in a work week.  Instead HD paid Plaintiff and the Class Members through a "point system" where each point was worth approximately two dollars ($2), regardless of the time spent on the job accumulating those points. Such a system failed to take into account the actual hours worked.  HD's failure to pay Plaintiff and the Class Members the correct overtime rate of pay violated the FLSA.

31. HD's failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA.  Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

32. Plaintiff and the Class Members are entitled to wages for all hours worked up to forty (40) in a work week, overtime wages for all hours worked in excess of forty (40) in a work week, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

## PRAYER

Plaintiff respectfully requests that judgment be entered against HD, LLC, awarding them and all similarly situated employees:

a. Wages for all hours worked up to forty (40) per week;

b. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and half times his regular rate of pay;

c. An equal amount as liquidated damages;

d. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

e. Such other and further relief as may be required by law.

Respectfully Submitted:

*/s/ George B. Recile*

_____
GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
ZACHAR R. SMITH (#11414)
*Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiff*