## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON TAYLOR, on Behalf of Himself and on Behalf of All Others Similarly Situated,** | **CASE NO.  2:19-cv-10635-ILRL-JVW** |
| **Plaintiff,** | **JUDGE IVAN L.R. LEMELLE** |
| **V.** | **MAG. JANIS VAN MEERVEED** |
| **HD AND ASSOCIATES, LLC,** | |
| **Defendant.** | |

### FIRST AMENDING AND SUPPLEMENTAL COLLECTIVE ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Byron Taylor, on behalf of himself and on behalf of all others similarly situated, who amends and supplements his original Complaint as follows:

### I.

**The case caption shall be amended to read as follows:**

| | |
|---|---|
| **BYRON TAYLOR, TERRAINE R. DENNIS, KENNETH HUNTER, KENDALL MATTHEWS, AND LONNIE TREAUDO, on Behalf of Themselves and on Behalf of All Others Similarly Situated,** | **CASE NO.  2:19-cv-10635-ILRL-JVW** |
| **Plaintiffs,** | **JUDGE IVAN L.R. LEMELLE** |
| **V.** | **MAG. JANIS VAN MEERVEED** |
| **HD AND ASSOCIATES, LLC, AND JOHN DAVILLIER,** | |
| **Defendants.** | |



EXHIBIT

A

**II.**

**Paragraph 1 of the original Complaint shall be supplemented and amended to read:**

Defendants, HD and Associates, LLC ("HD") and John Davillier, failed to pay Plaintiffs, Byron Taylor, Terraine R. Dennis, Kenneth Hunter, Kendall Matthews, and Lonnie Treaudo, and their other Technicians for all hours worked and also failed to pay appropriate overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

**III.**

**Paragraph 2 of the original Complaint shall be supplemented and amended to read:**

Plaintiffs and the similarly situated employees they seek to represent, are current and former employees of HD, who worked as Technicians within the last three years (hereinafter referred to as the "Class Members").

**IV.**

**Paragraph 3 of the original Complaint shall be supplemented and amended to read:**

HD's pay practices and policies applied not only to Plaintiffs, but also to all Class Members. Therefore, Plaintiffs bring this suit on behalf of themselves and all other similarly situated Technicians.

**V.**

**The original Complaint shall be supplemented and amended to add paragraph 6(a) as follows:**

Plaintiff, Terraine R. Davis, lives in the Eastern District of Louisiana. His written consent was previously filed of record and is attached hereto as Exhibit 2.

## VI.

**The original Complaint shall be supplemented and amended to add paragraph 6(b) as follows:**

Plaintiff, Kenneth Hunter, lives in the Eastern District of Louisiana.  His written consent was previously filed of record and is attached hereto as Exhibit 3.

## VII.

**The original Complaint shall be supplemented and amended to add paragraph 6(c) as follows:**

Plaintiff, Kendall Matthews, lives in the Eastern District of Louisiana.  His written consent was previously filed of record and is attached hereto as Exhibit 4.

## VIII.

**The original Complaint shall be supplemented and amended to add paragraph 6(d) as follows:**

Plaintiff, Lonnie Treaudo, lives in the Eastern District of Louisiana.  His written consent was previously filed of record and is attached hereto as Exhibit 5.

## IX.

**The original Complaint shall be supplemented and amended to add paragraph 8(a) as follows:**

Defendant, John Davillier, is an individual of the age of majority who lives in the Eastern District of Louisiana.  Upon information and believe, John Davillier is the manager of HD and Associates, LLC.

**X.**

**Paragraph 12 of the original Complaint shall be supplemented and amended to read:**

At all times relevant to this dispute, Plaintiffs and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

**XI.**

**Paragraph 14 of the original Complaint shall be supplemented and amended to read:**

Plaintiffs were hired to work as Technicians for HD.  HD controls Plaintiffs' conditions of employment. HD similarly controls the conditions of employment for all Class Members. For instance, HD determines the Technicians' pay rate, determines the amount to be deducted from the Technicians' wages through charge-backs, and sets policies and procedures that Plaintiffs and other Class Members are required to follow.

**XII.**

**Paragraph 15 of the original Complaint shall be supplemented and amended to read:**

For instance, Plaintiffs and the Class Members were paid on a "point system, regardless of the time spent on the job accumulating those points.  Plaintiffs and the Class Members regularly worked over forty (40) hours in a work week in order to complete all of their job assignments. HD, however, did not pay Plaintiffs and the Class Members for all hours worked in order to avoid overtime payments.

**XIII.**

**Paragraph 16 of the original Complaint shall be supplemented and amended to read:**

Plaintiffs' primary duties as a Technician consists of: (1) driving to HD's warehouse every morning to pick up the supplies and equipment they will require for the day as well as a list (or route) of customers they will service that day; driving to customers' homes/businesses to install

and/or repair equipment; calling customers to confirm appointments; attending meetings required by HD; and submitting electronic information of completed jobs throughout the day.

## XIV.

**Paragraph 17 of the original Complaint shall be supplemented and amended to read:**

As Technicians, Plaintiffs regularly worked more than forty (40) hours per workweek. Plaintiffs were not members of management.  Neither they nor any other Class Member had authority to: (1) manage an enterprise, (2) hire or fire other employees, (3) set the pay rates of other employees, (4) create policies or procedures to govern HD's employees, (5) handle employee grievances, (6) determine the type of equipment or materials that HD could use in its operations, (7) plan and/or set HD's budget, (8) enter into contracts on behalf of HD, or otherwise have operational control over HD's business operations and practices.  Moreover, Plaintiffs and the Class Members did not perform office or non-manual work directly related to the management or general business operations of HD or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of HD's business.

## XV.

**Paragraph 18 of the original Complaint shall be supplemented and amended to read:**

Plaintiffs and Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

## XVI.

**Paragraph 19 of the original Complaint shall be supplemented and amended to read:**

HD had the power to discipline and/or terminate Plaintiffs and the Class Members, regularly supervised and controlled work schedules and conditions of employment for Plaintiffs and Class Members, determined the rate and method of payment of wages and commissions, paid Plaintiffs

and Class Member wages and made deductions to their wages, and maintained employment records of Plaintiffs and Class Members.

## XVII.

**Paragraph 20 of the original Complaint shall be supplemented and amended to read:**

In addition, HD issued Plaintiffs a wage check every other week for some (but not all) hours worked by them during that week period.

## XVIII.

**Paragraph 21 of the original Complaint shall be supplemented and amended to read:**

Moreover, HD deducts the wages earned by Plaintiffs from his wage check for customer charge backs, in addition to other items.

## XIX.

**Paragraph 22 of the original Complaint shall be supplemented and amended to read:**

HD also failed to pay Plaintiffs and the Class Members for all hours worked.  Specifically, HD failed to pay for the time spent by Plaintiffs and the Class Members for duties and responsibilities required of them, including the time spent picking up supplies and equipment from HD's warehouses, waiting in line at the warehouses to pick up/turn in supplies and paperwork, travel time to the first job of the day, travel time between appointments, and time spent attending meetings, among other things.

## XX.

**Paragraph 23 of the original Complaint shall be supplemented and amended to read:**

Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other persons employed by HD as Technician within three (3) years from the filing of this suit who, like Plaintiffs, (i) have not been compensated the correct overtime rate of

pay, (ii) have not been paid for all hours worked, and/or (iii) have not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) hours in a single week.

## XXI.

**Paragraph 24 of the original Complaint shall be supplemented and amended to read:**

HD classified and paid all of its Technicians in the manner described above.  HD also made the same improper deductions from the Class Members' wages and calculated their regular (and overtime) rate of pay in the same manner.  In this regard, HD maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiffs.

## XXII.

**Paragraph 25 of the original Complaint shall be supplemented and amended to read:**

HD's Technicians all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position.  In this regard, the Class Members are similar to Plaintiffs.

## XXIII.

**Paragraph 27 of the original Complaint shall be supplemented and amended to read:**

HD possess the names and addresses of all Class Members in its records.  The Class Members should be allowed to receive notice about this lawsuit and be given an opportunity to join.  Like Plaintiffs, these similarly situated workers are entitled to recover their unpaid wages and overtime wages, liquidated damages, attorneys' fees, and other damages.  Therefore, notice is appropriately sent to the following class:

*"All of HD's current and former Technicians who worked for HD for the past three years and received pay based upon a point system."*

## XXIV.

**Paragraph 28 of the original Complaint shall be supplemented and amended to read:**

Plaintiffs incorporate the allegations in the preceding paragraphs.

## XXV.

**Paragraph 29 of the original Complaint shall be supplemented and amended to read:**

HD made improper deductions to Plaintiffs and Class Members wages, and failed to pay them appropriate overtime wages required by the FLSA for all hours worked.

## XXVI.

**Paragraph 30 of the original Complaint shall be supplemented and amended to read:**

Plaintiffs and the Class Members were not paid the correct overtime rate of pay when they worked more than forty (40) hours in a work week.  Instead HD paid Plaintiffs and the Class Members through a "point system" where each point was worth approximately two dollars ($2), regardless of the time spent on the job accumulating those points. Such a system failed to take into account the actual hours worked.  HD's failure to pay Plaintiffs and the Class Members the correct overtime rate of pay violated the FLSA.

## XXVII.

**Paragraph 31 of the original Complaint shall be supplemented and amended to read:**

HD's failure to pay overtime wages to Plaintiffs and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA.  Therefore, the three (3) years statute of limitations period applies to Plaintiffs' and the Class Members' damages in this case.

## XXVIII.

**Paragraph 32 of the original Complaint shall be supplemented and amended to read:**

Plaintiffs and the Class Members are entitled to wages for all hours worked up to forty (40) in a work week, overtime wages for all hours worked in excess of forty (40) in a work week, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

## XXIX.

**The original Complaint shall be supplemented and amended to add paragraphs 33 and 34 as follows:**

### INDIVIDUAL LIABILITY

33. At all relevant times, John Davillier acted directly in the interests of HD and Associates, LLC in relation to its employees.  Thus, he was and is an employer of the Plaintiffs and others similarly situated, within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)), and is jointly, severally, and individually liable along with HD and Associates, LLC.

34. At all relevant times, John Davillier maintained executive authority over Plaintiffs and all others similarly situated, including the location, duration, and rate-of-pay for their work. Moreover, John Davillier, who is the manager of HD and Associates, LLC, controlled the day to day operations of HD and Associates, LLC.

## XXX.

**The Prayer shall be supplemented and amended to read:**

## PRAYER

Plaintiffs respectfully request that judgment be entered against HD and Associates, LLC, and John Davillier, jointly, severally, and individually, awarding them and all similarly situated employees:

a.  Wages for all hours worked up to forty (40) per week;

b.  Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and half times his regular rate of pay;

c.  An equal amount as liquidated damages;

d.  Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

e.  Such other and further relief as may be required by law.

Respectfully Submitted:

*/s/ Preston L. Hayes*

GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
ZACHAR R. SMITH (#11414)
*Chehardy, Sherman, Williams, Murray, Recile,*
*Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie,
Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiffs*

**CERTIFICATE**

I certify that I have served a copy of the above and foregoing pleading using this Court's CM/ECF system to counsel of record participating in the CM/ECF system, or by placing signed copies in the United States mail, postage prepaid, to counsel of record not participating in the CM/ECF system on this 29th day of August, 2019.

/s/ *Preston L. Hayes*

_____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON TAYLOR, on behalf of himself and all others similarly situated,** | |
| **Plaintiff** | **Case No. 2:19-cv-10635-ILRL-JVW** |
| | **JUDGE IVAN L.R. LEMELLE** |
| **VERSUS** | **MAG. JANIS VAN MEERVEED** |
| **HD AND ASSOCIATES, LLC** | **SECTION "B-1"** |
| **Defendant** | |

## CONSENT TO JOIN COLLECTIVE ACTION
## (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(B))

I, _Terraine R. Dennis_, hereby consent to opt in to and become a party

to the collective action entitled *Byron Taylor, on behalf of himself and all persons similarly*

*situated v. HD and Associates, LLC,* which was filed in the United States District Court for the

Eastern District of Louisiana on May 22, 2019. I understand and agree that by joining in this action,

I will be bound by any adjudication of the Court in this action. I understand the lawsuit includes

allegations that HD and Associates, LLC failed to properly pay installers/technicians/repairmen

for all hours worked, including overtime and for improperly orchestrating a charge-back scheme

in violation of the FLSA and Louisiana law. I am, or was, employed by HD and Associates, LLC

during some or all of the period from three years prior to the filing of the lawsuit to the date of this

consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated

employees of HD and Associates, LLC pursuant to Section 16(b) of the FLSA. I understand that

the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees,

costs and other relief.

**EXHIBIT**

**2**

Blumberg No. 5119

I support the proposed appointment of Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P. as attorneys for the class and agree to be represented by these attorneys in this action. I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If the Plaintiffs prevail, the attorneys for the class will request the Court determine or approve the amount of attorneys' fees and costs they are entitled to receive.

NO RETALIATION PERMITTED: FEDERAL LAW PROHIBITS HD AND ASSOCIATES, LLC FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT THIS CONSENT FORM OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

Printed Name: _Terraine   R   Dennis_____

Signature: _____

Date: _8 - 7 - 19_____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

**BYRON TAYLOR, on behalf of himself and all others similarly situated,**

    **Plaintiff**

**VERSUS**

**HD AND ASSOCIATES, LLC**

    **Defendant**

**Case No. 2:19-cv-10635-ILRL-JVW**

**JUDGE IVAN L.R. LEMELLE**

**MAG. JANIS VAN MEERVEED**

**SECTION "B-1"**

## CONSENT TO JOIN COLLECTIVE ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(B))

I, _____Kenneth Horh_____, hereby consent to opt in to and become a party to the collective action entitled *Byron Taylor, on behalf of himself and all persons similarly situated v. HD and Associates, LLC,* which was filed in the United States District Court for the Eastern District of Louisiana on May 22, 2019. I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action. I understand the lawsuit includes allegations that HD and Associates, LLC failed to properly pay installers/technicians/repairmen for all hours worked, including overtime and for improperly orchestrating a charge-back scheme in violation of the FLSA and Louisiana law. I am, or was, employed by HD and Associates, LLC during some or all of the period from three years prior to the filing of the lawsuit to the date of this consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees of HD and Associates, LLC pursuant to Section 16(b) of the FLSA. I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

EXHIBIT

3

Blumberg No. 5119

I support the proposed appointment of Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P. as attorneys for the class and agree to be represented by these attorneys in this action. I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If the Plaintiffs prevail, the attorneys for the class will request the Court determine or approve the amount of attorneys' fees and costs they are entitled to receive.

NO RETALIATION PERMITTED: FEDERAL LAW PROHIBITS HD AND ASSOCIATES, LLC FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT THIS CONSENT FORM OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

Printed Name: _Kenneth C. Kirby_

Signature: _____

Date: _8/17/19_

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

**BYRON TAYLOR, on behalf of himself and
all others similarly situated,**

    **Plaintiff**

**VERSUS**

**HD AND ASSOCIATES, LLC**

    **Defendant**

**Case No. 2:19-cv-10635-ILRL-JVW**

**JUDGE IVAN L.R. LEMELLE**

**MAG. JANIS VAN MEERVEED**

**SECTION "B-1"**

## CONSENT TO JOIN COLLECTIVE ACTION
## (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(B))

I, *Kendall Matth" os*, hereby consent to opt in to and become a party

to the collective action entitled *Byron Taylor, on behalf of himself and all persons similarly

situated v. HD and Associates, LLC,* which was filed in the United States District Court for the

Eastern District of Louisiana on May 22, 2019. I understand and agree that by joining in this action,

I will be bound by any adjudication of the Court in this action. I understand the lawsuit includes

allegations that HD and Associates, LLC failed to properly pay installers/technicians/repairmen

for all hours worked, including overtime and for improperly orchestrating a charge-back scheme

in violation of the FLSA and Louisiana law. I am, or was, employed by HD and Associates, LLC

during some or all of the period from three years prior to the filing of the lawsuit to the date of this

consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated

employees of HD and Associates, LLC pursuant to Section 16(b) of the FLSA. I understand that

the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees,

costs and other relief.



EXHIBIT

4

I support the proposed appointment of Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P. as attorneys for the class and agree to be represented by these attorneys in this action. I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If the Plaintiffs prevail, the attorneys for the class will request the Court determine or approve the amount of attorneys' fees and costs they are entitled to receive.

NO RETALIATION PERMITTED: FEDERAL LAW PROHIBITS HD AND ASSOCIATES, LLC FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT THIS CONSENT FORM OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

Printed Name: _Kendall Matthews_

Signature: _Kendall Matthews_

Date: _Aug - 7- 2019_

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON TAYLOR, on behalf of himself and all others similarly situated,** | **Case No. 2:19-cv-10635-ILRL-JVW** |
| **Plaintiff** | **JUDGE IVAN L.R. LEMELLE** |
| **VERSUS** | **MAG. JANIS VAN MEERVEED** |
| **HD AND ASSOCIATES, LLC** | **SECTION "B-1"** |
| **Defendant** | |

### CONSENT TO JOIN COLLECTIVE ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(B))

I, Lonnie Treaudo, hereby consent to opt in to and become a party to the collective action entitled *Byron Taylor, on behalf of himself and all persons similarly situated v. HD and Associates, LLC,* which was filed in the United States District Court for the Eastern District of Louisiana on May 22, 2019. I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action. I understand the lawsuit includes allegations that HD and Associates, LLC failed to properly pay installers/technicians/repairmen for all hours worked, including overtime and for improperly orchestrating a charge-back scheme in violation of the FLSA and Louisiana law. I am, or was, employed by HD and Associates, LLC during some or all of the period from three years prior to the filing of the lawsuit to the date of this consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees of HD and Associates, LLC pursuant to Section 16(b) of the FLSA. I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

I support the proposed appointment of Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P. as attorneys for the class and agree to be represented by these attorneys



EXHIBIT
5

in this action. I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If the Plaintiffs prevail, the attorneys for the class will request the Court determine or approve the amount of attorneys' fees and costs they are entitled to receive.

NO RETALIATION PERMITTED: FEDERAL LAW PROHIBITS HD AND ASSOCIATES, LLC FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT THIS CONSENT FORM OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

Printed Name: _Lonnie Treaudo_

Signature: _Lonnie Orando_

Date: _7-25-19_