UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BYRON TAYLOR,
        Plaintiff,

V.

HD AND ASSOCIATES, LLC,
        Defendant.

CIVIL ACTION NO.
2:19-CV-10635-ILRL-JVM

## ANSWER OF HD AND ASSOCIATES, LLC TO THE FIRST AMENDING AND SUPPLEMENTAL COMPLAINT

I.     This paragraph calls for a procedural conclusion and no answer is needed.

II.     The answer of HD and Associates, LLC ("HDA") remains the same as no additional allegations against HDA have been added by this paragraph.

III.     Denied as written to apply to all named Plaintiffs.

IV.     Denied.

V.     HDA is unable to confirm the truth of this paragraph from the record.

VI.     HDA is unable to confirm the truth of this paragraph from the record.

VII.     HDA is unable to confirm the truth of this paragraph from the record.

VIII.     HDA is unable to confirm the truth of this paragraph from the record.

IX.     Admitted.

X.     Plaintiffs and putative class members were never employees engaged in the production of goods for commerce according to the FLSA as they were independent contractors statutorily excluded from the FLSA.

XI.     Plaintiffs were hired as independent contractors pursuant to contract terms HDA proposed and Plaintiffs accepted. The terms of the contract between HDA and Plaintiffs control

Plaintiffs' conditions of employment. The same is true for all independent contractors in every field of practice.

XII. Pursuant to the terms of the contract for services between HDA and the Plaintiffs, the Plaintiffs were paid $8 per hour of work up to 40 hours and then $12 per hour in excess of 40hours. However, in contrast to an hourly rate structure used for W-2 employees of HDA, the Plaintiffs were also paid a discretionary bonus amount that exceeded the amount that would have been due under the specific contract for hourly wages and overtime pay. Thus, HDA agreed to, and did, pay the Plaintiffs more than it was contractually obligated to pay them, and more than they would be entitled to as an FSLA designated employee.

XIII. Denied. The Plaintiffs' primary duties are detailed in their contract for services which does not correspond to the duties alleged in this paragraph.

XIV. Denied. The allegation as pled asserts that every plaintiff regularly worked more than forty hours per workweek, which is untrue. HDA objects to the following legal arguments and conclusions of paragraph XIV as inappropriate for fact pleading. Answering subject to this objection: (1) each Plaintiff had the authority to manage its own enterprise and did, (2) each Plaintiff had the authority to hire or fire employees for their enterprise, (3) each Plaintiff had the authority to set pay rates for employees of their enterprise, (4) as independent contractors the Plaintiffs did not have the contractual authority to create policies or procedures for HDA's W-2 employees, (5) each Plaintiff had the authority to handle the grievances of the employees of its enterprise, if any, (6) each Plaintiff had the authority to use whatever equipment or material it desired for its enterprise for work not allocated by Cox Communications, while work for Cox Communications customers required compliance with the policies and procedures set by Cox Communications, (7) the Plaintiffs could not set the budget of HDA, and (8) the Plaintiffs could

not control HDA or bind it to contracts as neither power was granted by the contract for services with HDA.

XV. Denied.

XVI. Denied as written. The contract for services between HDA and each Plaintiff is a legal document that speaks for itself.

XVII. Denied. Pursuant to the terms of the contract for services between HDA and the Plaintiffs, the Plaintiffs were paid $8 per hour of work up to 40 hours and then $12 per hour in excess of 40hours. However, in contrast to an hourly rate structure used for W-2 employees of HDA, the Plaintiffs were also paid a discretionary bonus amount that exceeded the amount that would have been due under the specific contract for hourly wages and overtime pay. Thus, HDA agreed to, and did, pay the Plaintiffs more than it was contractually obligated to pay them, and more than they would be entitled to as an FSLA designated employee.

XVIII. Denied as written to apply to all Plaintiffs.

XIX. Denied. Pursuant to the terms of the contract for services between HDA and the Plaintiffs, the Plaintiffs were paid $8 per hour of work up to 40 hours and then $12 per hour in excess of 40 hours for the services contracted for via the contract for services. The Plaintiffs were also paid a discretionary bonus amount that exceeded the amount that would have been due under the specific contract for hourly wages and overtime pay.

XX. This paragraph calls for a legal conclusion and is denied.

XXI. Denied.

XXII. Denied as each of HDA's contracted technicians can earn more or less income based on many factors, including their skill and proficiency without regard for their seniority.

XXIII. HDA objects to Plaintiffs' counsel's attempt to file frivolous claims by plaintiffs lacking standing or damages only to access the names of HDA's independent contractors to facilitate solicitation of additional clients. None of the named Plaintiffs meets the criteria of their own Complaint as will be shown via summary judgment in the coming months. Solicitation efforts on behalf of counsel have been ongoing and will be a point of discovery moving forward. This Court is vested with the power to carefully control class notice periods and procedures and that power should not be handed off to counsel for the Plaintiffs.

XXIV. This paragraph does not require an answer.

XXV. Denied.

XXVI. Pursuant to the terms of the contract for services between HDA and the Plaintiffs, the Plaintiffs were paid $8 per hour of work up to 40 hours and then $12 per hour in excess of 40hours. However, in contrast to an hourly rate structure used for W-2 employees of HDA, the Plaintiffs were also paid a discretionary bonus amount that exceeded the amount that would have been due under the specific contract for hourly wages and overtime pay. Thus, HDA agreed to, and did, pay the Plaintiffs more than it was contractually obligated to pay them, and more than they would be entitled to as an FSLA designated employee.

XXVII. Denied. Further answering, HDA objects to the bald assertion of bad faith without any factual support through two drafts of the instant complaint.

XXVIII. Denied.

XXIX. 33. Denied.

34. Denied.

XXX. The prayer for relief is denied.

## HDA'S AFFIRMATIVE DEFENSES

1. Defendant HDA acted in good faith and had reasonable grounds for believing that they acted properly in their pay practices and were in good faith compliance with the FLSA with respect to Plaintiff and/or potential collective/class members.

2. Plaintiffs' claims and those of potential collective/class members are barred, in whole or in part, by applicable statutes of limitations.

3. Plaintiffs' claims and those of potential collective/class members are barred by the doctrine of equitable estoppel or otherwise to the extent that they claim hours worked that they failed to report.

4. Plaintiffs' claims and those of potential collective/class members are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA.

5. Defendant HDA denies this action can be properly maintained as a FLSA collective action or that Plaintiff can carry his burden of establishing the requirements to obtain collective action certification, including conditional certification, under 29 U.S.C. §216(b). Defendant HDA states that Plaintiffs, and the persons he alleges would comprise of the collective class, have received full payment for all work performed for Defendant in full compliance with the FLSA, and in an amount above that required by the FLSA.

6. Defendant HDA further states that its actions with respect to Plaintiffs and any individual Plaintiffs' claims are similarly situated, were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA.

7. If Plaintiffs or any individuals whom they allege were similarly situated to them prevail, Defendant HDA is entitled to a setoff with regard to any monies paid to them for hours when they were not performing compensable work for Defendant HDA.

8. Defendant HDA did not willfully, knowingly, or intentionally fail to comply with the FLSA or any other applicable laws.

9. Plaintiffs' claims and/or those of some or all of the putative collective action members are barred, in whole or in part, because even if Defendant HDA violated any provision of the FLSA, which it specifically denies, such violation was not pursuant to a uniform policy or plan.

10. Plaintiffs' claims and/or those of some or all of the putative collective action members are barred, in whole or in part, because Plaintiffs and/or putative collective action members were not employees as defined by the FLSA.

11. Defendant HDA is entitled to exclusion of all elements of Plaintiffs' compensation and/or that of some or all of the putative collective action members that are excludable from an individual's regular rate for purposes of calculating overtime liability (if any), including but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. §207(e), and for all time spent on preliminary and postliminary activities excludable from hours worked under 20 U.S.C. §254.

12. If Plaintiffs and/or some or all of the putative collective action members succeed in establishing any violation under the FLSA, and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendant HDA is entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their established compensation.

13. Plaintiffs are not entitled to certification pursuant to 29 U.S.C. §216(b) on their claims under the FLSA because they are not similarly situated to the putative collective action members

whom they purport and seek to represent, and cannot identify a group of similarly situated employees or former employees of Defendant HDA.

14. Collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective action.

15. To the extent that discovery reveals that Plaintiffs and/or those of some or all of the putative collective action members falsely reported their hours, Defendant HDA hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiffs.

16. Plaintiffs' claims and/or those of some or all of the putative collective action members are barred as to all hours worked of which Defendant HDA lacks constructive or actual knowledge.

17. Defendant HDA alleges that the Plaintiffs' Complaint fails to properly state a claim that may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedures or any corresponding state law requirements regarding class actions, or as a collective action under the FLSA.

18. In addition to the foregoing defenses, Plaintiffs' claims and/or those of some or all of the putative collective action members may be barred by one or more affirmative defenses which cannot be determined until Defendants have had the opportunity to conduct discovery. Therefore, Defendant HDA reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendant HDA respectfully requests that the Court deny the relief sought by Plaintiff's Petition, dismiss this action with prejudice and/or enter judgment on

Defendant's behalf, and award Defendant HDA such other relief as the Court deems just and proper.

**Respectfully submitted**,

**DAVILLIER LAW GROUP, LLC**

/s/ Charles F. Zimmer II
Charline K. Gipson. LSBA No. 32780
Charles F. Zimmer II, LSBA No. 26759
935 Gravier Street; Suite 1702
New Orleans, Louisiana  70112
(504) 582-6998         Office
(504) 582-6985         Facsimile
cgiposon@davillierlawgroup.com
czimmer@davillierlawgroup.com

**Certificate of Service**

I certify that I have served a copy of the above and foregoing pleading via Notice of Electronic filing using this Court's CM/ECF system to counsel of record participating in the CM/ECF system on this 18th of September 2019.

/s/ Charles F. Zimmer II
Charles F. Zimmer II