## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON TAYLOR, TERRAINE R. DENNIS, KENNETH HUNTER, KENDALL MATTHEWS, and LONNIE TREAUDO, on Behalf of Himself and on Behalf of All Others Similarly Situated,** | **CASE NO. 2:19-cv-10635-ILRL-JVW** |
| **Plaintiff,** | **JUDGE IVAN L.R. LEMELLE** |
| **V.** | **MAG. JANIS VAN MEERVEED** |
| **HD AND ASSOCIATES, LLC, and JOHN DAVILLIER** | |
| **Defendants.** | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT FOR CONDITIONAL CERTIFICATION AS A COLLECTION ACTION AND NOTICE TO POTENTIAL CLASS MEMBERS

This Memorandum of Law is submitted by Plaintiffs in support of their motion to seek conditional certification of this matter as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and requesting approval of a written notice to putative collective action members. Plaintiffs also requests that Defendant, HD and Associates, LLC ("HD"), be ordered to produce the names, last-known addresses, e-mail addresses, telephone numbers, and dates of employment/work of all putative collection action members for notice purposes. Plaintiffs has complied with all pleading requirements to assert a collective action under 29 U.S.C. § 216 and § 256.

Accordingly, Plaintiffs respectfully request that the Court order: (1) conditionally certify this case as a Collective Action; (2) order HD to produce to Plaintiff's counsel a computer-readable data file containing all Putative Class Members' names, last-known addresses, e-mail addresses,

telephone numbers, and dates of employment/work within twenty-one (21) days from the date of the Order; (3) authorize the issuance of Plaintiff's proposed Notice and attached Consent Form (attached as Exhibit 2) to all Putative Class Members; (4) authorize the use of text message to provide notice to Putative Class Members; (5) authorize a notice period allowing Putative Class Members ninety (90) days from the date the Notice is sent out to submit their Consents to join with Plaintiff's counsel; (6) posting of the notice, along with the consent forms, in conspicuous locations at all of HD's locations; and (7) an Order prohibiting retaliation by HD or its managers against individuals who opt-in to this lawsuit.

## I.

## LAW

### A. The FLSA Authorizes Collective Actions

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify Putative Class Members that they may choose to "opt-in" to the suit. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 170-72.

Under Section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-216 (5th Cir. 1995); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.

1996), *cert. denied*, 117 S. Ct. 435 (1996); *D'Anna v. M/A-Com, Inc.*, 903 F.Supp. 889, 893 (D. Md. 1995). Indeed, plaintiff's claims need not be identical to the potential opt-ins; they need only be similar. *Grayson*, 79 F.3d at 1096 (emphasis added); *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Betancourt v. Maxim Healthcare Services, Inc.*, 2011 WL 1548964 (N.D. Ill. April 21, 2011) (certifying a nationwide class of staffing recruiters); *Camp v. The Progressive Corp., et al.*, 8 Wage & Hour Cases 2d 477 *11 (E.D. La. 2002) (permitting nationwide notice to various categories of insurance adjusters); *Craig v. Rite Aid Corp., et al.*, 2009 WL 4723286 (M.D. Pa. Dec. 9, 2009) (permitting notice to current and former assistant store managers); *Allen, et al. v. McWane, Inc.*, 2006 WL 3246531 (E.D. Tex.) (Ward, J.) (permitting notice to hourly employees at thirteen different pipe and foundry plants across the country); *Hanks, et al. v. Big Lots Stores, Inc.*, CA 5:04-cv-00238-DF (E.D. Tex. Aug. 8, 2005) (Folsom, J.) (permitting a nationwide notice to furniture department managers). Further, Plaintiff need only to demonstrate "a reasonable basis" for the allegations that a class of similarly situated persons may exist. *Grayson*, 79 F.3d at 1097; *see Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (Plaintiffs are similarly situated when they together were alleged victims of a "common policy or scheme or plan that violated the law).

The FLSA contemplates the maintenance of collective actions by similarly situated employees. 29 U.S.C. § 216(b); *see also Alix v. Shoney's, Inc.*, 1997 WL 6671, at *2 (E.D. La. Feb. 18, 1997 (Vance, J.) ("The Fifth Circuit has explicitly held that Section 216(b) provides the exclusive collective remedy for violations of the FLSA."). Such collective actions are favored because they enable the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Collective

actions are intended "to avoid multiple lawsuits where numerous employees have allegedly ben harmed by a claimed violation or violations of the FLSA by a particular employer." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008); *see also Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) ("congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer.") *Lopez v. Bombay Pizza Co.*, 2012 WL 5397192, at *2 (S.D. Tex. Nov. 5, 2012) (Miller, J.) ("The remedial nature of the FLSA and § 216 'militate strongly in favor of allowing cases to proceed collectively.'") (quoting *Roussell v. Brinker, Int'l, Inc.*, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008) (Ellison, J.).

In this case named Plaintiffs and the putative class members are similarly situated. All were hired by HD as cable technicians and all were paid under similar pay policies throughout their time working for HD. Each were unlawfully designated as an independent contractor by HD to avoid paying overtime and taxes. None of these cable technicians were paid overtime when working more than forty (40) hours per week.

**B. The Legal Standard for Similarly Situated**

Courts throughout the country uniformly apply a two-step approach to determine whether plaintiffs are "similarly situated" to the putative plaintiffs. *Coffin v. Blessey Marine Servs., Inc.*, 2011 WL 1103795, at *3 (S.D. Tex. Mar. 23, 2011); *Betancourt*, 2011 WL 1548964, at *4-5. Courts in the Fifth Circuit and the Eastern District of Louisiana have done so as well. *See Williams v. Bally's Louisiana*, 2006 WL 1235904, at *2 (E.D. La. May 5, 2006) (Africk, J.) ("[A] consensus of courts apply a two-step analysis for conditional certification outlined in *Mooney*, 54 F.3d at 1213," that is, the *Lusardi* test.); *see also Johnson v. Big Lots Stores, Inc.*, 561 F.Supp.2d 567, 573 (E.D. La. 2008) (Vance, J.); *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793 (E.D.

La. 2007) (Fallon, J.); *Basco v. Wal-Mart Stores, Inc.*, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004) (Duval, J.).

Under the well-established and widely accepted *Lusardi* approach, the Court "determines whether the putative class members' claims are sufficiently similar" to authorize notice to potential class members. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2000) (citing *Mooney*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). The first step requires a plaintiff to "show there are similarly situated employees who are potential claimants." *Collazo v. Forefront Educ., Inc.*, 2010 WL 335327, at *2 (N.D. Ill. Jan. 28, 2010) (citing *Mielke v. Laidlaw Transit, Inc.*, 313 F.Supp. 2d 759, 762 (N.D. Ill. 2004)). A Plaintiff meets this burden by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citing *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003); *Witteman v. Wisconsin Bell, Inc.*, 2010 WL 446033, at *1 (W.D. Wis. Feb. 2, 2010). Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1214; *see, also Vargas v. The Richardson Trident Co.*, 2010 WL 730115, at *7 (S.D. Tex. Feb. 22, 2010) (Harmon, J.) (noting the certification of collective actions is subject to a two-step process with a lenient standard that typically results in conditional certification of a representative class); *Cantu v. Vitol, Inc.*, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009) (Rosenthal, J.); *Foraker v. Highpoint Southwest Servs., L.P.*, 2006 WL 2585047, at *3 (S.D. Tex. Sept. 7, 2006) (Atlas, J.).

In deciding whether notice should be issued, the courts only require "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 12154, n.8. Doing the opposite would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA. *Garner v.*

*G.D. Searle*, 802 F.Supp 418, 422 (M.D. Ala. 1991); *Sperling v. Hoffman-LA Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. Jan. 5, 1988) ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").

An employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Monney*, 54 F.3d at 1213-14; *Grayson*, 79 F.3d at 1096. It is important to note that the plaintiff's claims and positions need not be identical to the potential opt-ins' claims; only similar. *Grayson*, 79 F.3d at 1096; *Tucker*, 872 F.Supp. at 947; *Yaklin v. W-H Energy Servs., Inc.*, 2008 WL 1989795, at *3 (S.D. Tex. May 2, 2008) ("[t]he positions need not be identical but similar."). As this Court correctly noted in *Crain*:

> Similarly situated does not mean identically situated. (citation omitted). Rather, an FLSA class determination is appropriate when there is a demonstrated similarity among the individual situations … some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice].

*Crian v. Helmerich & Payne Int'l Drilling Co.*, 1992 WL 91946, at *2 (E.D. La. April 16, 1992) (Feldman, J.) (citing *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D. Tex. 1979)); *see also Tolentino v. C&J Spec-Rent Services, Inc.*, 2010 WL 2196261, at *4 (S.D. Tex. May 26, 2010) (citing *Albanil v. Coast 2 Coast, Inc.*, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008)).

At the second step, "following the completion of the opt-in process and further discovery, the defendant may ask the Court to reevaluate the conditional certification to determine whether there is sufficient similarity between the representative plaintiff(s) and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (quoting *Jirak v. Abbott Labs, Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008)); *Witteman,* 2010 WL 446033, at *3 ("If after discovery, defendant shows that any differences among the class members make it too difficult to decide their claims together,

defendant may ask to decertify the class or divide the classes into subclasses"); *see also Johnson*, 561 F.Supp.2d at 567 (citing *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("[A] district court is 'charged with the duty of monitoring its class decisions in light of the evidentiary development of the case. The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.'")

Once the Court determines that the employees are similarly situated, notice is sent, and new plaintiffs may "opt-in" to the lawsuit. *Acevedo*, 600 F.3d at 519 (citing *Mooney*, 54 F.3d at 1214). Ultimately, allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406. Once the notice and opt-in period are complete, the Court will have the benefit of knowing the actual makeup of the collective action. Thus, early notice helps courts to manage the case because it can "ascertain the contours of the action at the outset." *Hoffmann-La Roche*, 493 U.S. at 172.

**C. Notice Is Appropriate of The Facts Presented Because The Putative Class Members Are Similarly Situated.**

At the notice stage, courts determine whether plaintiff and putative opt-ins are "similarly situated" based upon allegations in a compliant supported by affidavits. *Mooney*, 54 F.3d at 1213-14; *Donohue v. Francis Servs., Inc.*, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004) (Barbier, J.) ("This decision is usually based only on the pleadings and any affidavits which have been submitted"). To be similarly situated, each class member's situation need not be identical, but merely similar. *Crain*, 1992 WL 91946, at *2. Indeed, "[a] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any general applicable rule, policy, or practice." *Donohue*, 2004 WL 1161366, at *1

(quoting *Whitworth v. Chiles Offshore Corp.*, 1992 WL 235907, at *1 (E.D. La. 1992) (McNamara, J.)).

For notice to be issued, some evidence of "a single decision, policy, or plan" should be presented. *Collazo*, 2010 WL 334327, at *2 (emphasis added); *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (Smith, M.J.) ("the presence of a single decision, policy, or plan is often good evidence that employers are similarly situated"). Proof of such a single practice can be provided through declarations of putative plaintiffs, identification of putative plaintiffs, and/or evidence of a widespread plan. *Id.* (citations omitted). In addition to these factors, some courts consider whether other individuals desire to opt-in and are similarly situated to those bringing the suit. *See, e.g., Flowers v. Mo's Steakhouse*, 2012 WL 1941755, at *2 (S.D. Tex. May 29, 2012); *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Pedigo v. 3003 South Lamar, LLP*, 666 F.Supp.2d 693, 698 (W.D. Tex. 2009) ("[t]he joinder of additional plaintiffs after the inception of the case is persuasive evidence that a putative class does exist).

Importantly, "[g]eographic commonality is not necessary to meet the 'similarly situated' requirement for a FLSA collective action; instead the focus is on whether the employees where impacted by a common policy. *Prejean v. O'Brien's Response Mgmt., Inc.*, 2013 WL 5960674, at *7 (E.D. La. Nov. 6, 2013) (Barbier, J.) (quoting *Heeg*, 907 F. Supp. 2d at 863). "If there is a reasonable basis to conclude that the same policy applies to multiple locations of a single company, certification is appropriate." *Id.* (quoting *Rueda v. Tecon Servs., Inc.*, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011)). Indeed, a broad geographic scope or numerous locations is not enough to defeat certification across all locations. *Donohue v. Francis Servs., Inc.*, 2004 WL 1406080 (E.D. June 22, 2004) (Barbier, J.) (holding that employers should not be able to "escape FLSA

liability by making sure to underpay vast numbers" of their employees and then claim that the class definition is too broad).

In this case, Plaintiffs and the putative class members were all hired to do the same job – cable installations – and were all subjected to the same pay policies – being paid on a point-based system which denied overtime pay despite working over 40 hours in a given week. Each Plaintiff and putative class members were categorized unlawfully as independent contractors, thus erroneously providing Defendants the ability to skirt their obligations under the FLSA. (See Exhibit 1, Declaration of Byron Taylor)

## II.
## APPLICATION OF FACTS TO THE LAW

### A. Job Duties of All Cable Technicians Are Same

HD provides cable repair and installation services Cox. Cox has a contract or agreement with HD to provide installation and repair services to its clients.

As a technician, Plaintiffs' primary duties consist of: driving to HD's warehouse every morning to pick up the supplies and equipment they will require for the day as well as a list (or route) of customers each will service that day; driving in HD mandated vehicles to customers' homes/businesses to install and/or repair equipment; calling customers to confirm appointments; attending meetings with HD supervisors; wearing HD uniforms; and submitting paperwork/electronic notification of completed jobs at the end of each day. These are the same duties performed by all technicians hired by HD.

### B. HD's Wage Policies Are Same And Applied to All Cable Technicians

HD pays their technicians based upon a "point" system. Specifically, HD assigns a numerical point for each job completed by one of its cable technicians. Each technician is paid

based upon the total number of points obtained, without taking into consideration the actual time it took for the technician to complete the job.

HD did not pay Plaintiffs or the other technicians for all hours worked. HD has actual and constructive knowledge of this off-the-clock work being performed and have made the conscious election not to pay their technicians for this work. For example, often times in order for any HD's technicians to do their job, the first thing they had to do every morning was to drive to HD's warehouse to pick up the supplies and equipment they will require for the day as well as a list (or route) of customers they will service that day. This time was not compensated. Additionally, Plaintiffs and the other cable technicians were not compensated for their time traveling between jobs. Moreover, Plaintiffs and the other technicians are improperly treated as independent contractors, and as such, are not paid overtime wages for hours worked in excess of 40 in a work week. Accordingly, Plaintiffs and the other cable technicians are subject to the same wage practice or policy and, as such, are similarly situated.

## III.
## RELIEF SOUGHT

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffamn-La Rouche*, 493 U.S. at 170. Use of Court-authorized notice also prevents "misleading communications." *Id.* at 172. Plaintiffs therefore seek the issuance of notice to all putative class members and the disclosure of the names and contact information (including the addresses, e-mail addresses and telephone numbers) of all individuals who worked for HD as technicians during the past three years.

**A. Plaintiffs' Proposed Schedule And Notice/Consent Form**

To facilitate the notice process and preserve the rights of those who have not yet opted-in (or learned of this lawsuit), Plaintiffs have attached a proposed Notice and Consent Form to be approved by the Court (Exhibit 2). The proposed court-approved notice to the putative plaintiffs is "timely, accurate, and informative," as required. *Hoffman-La Roche*, 493 U.S. at 172. Indeed, it provides notice of the pendency of the action and of the opportunity to opt-in; Plaintiff's legal claims are accurately described and potential opt-ins are advised that they are not required to participate. The proposed court-approved notice also provides clear instructions on how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in the FLSA action. *See* 29 U.S.C. § 215(a)(3); *Reich v. Davis*, 50 F.3d 962, 964 (11th Cir. 1995).

Plaintiffs proposes that the notice and consent forms be mailed by First Class Mail, e-mail, and/or text message to all Putative Class Members for the entire three-year period upon issuance of an Order granting this Motion. Plaintiffs' counsel will oversee the mailing (regular First Class Mail, e-mail, and/or by text message) of such notices and pay the up-front charges for the same (postage, copying, etc.) Those putative class members interested in participating would be required to file their consents with the Court within ninety (90) days of distributing the Notice.

With regards to notice sent via text message, Plaintiffs suggest to the Court that the collective is made up of blue-collar works. Many do not use e-mail on a regular basis, and some may have no e-mail address, but prefer to communicate by text message. "Courts have also permitted text message distribution where, as here, the nature of the employer's business facilitated a high turnover rate among employees." *Martin v. Sprint/United Mgmt. Co.*, 2016 U.S. Dist. LEXIS 352 (S.D.N.Y. Jan. 4, 2016); *see also Bhumithanarn v. 22 Noodle Mkt. Corp.*, 2015 U.S.

Dist. LEXIS 90616, 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015); *Landry v. Swire Oilfield Servs., L.L.C.*, 2017 U.S. Dist. LEXIS 66497, at *121 (D.N.M. May 2, 2017).[1]

Plaintiffs seek to notify a group of putative plaintiffs described as follows:

**ALL INDIVIDUALS WHO WORKED FOR HD AS A CABLE TECHNICIAN AT ANYTIME SINCE THREE YEARS FROM THE DATE OF ORDER APPROVING THIS MOTION**

Additionally, Plaintiff seeks an Order from this Court adopting the following schedule:

| DEADLINE | SUBJECT |
|---|---|
| 21 days from Order approving Notice to putative class members | HD to disclose the names, addresses, e-mail addresses, and telephone numbers of all individuals who worked for HD as a cable technician. This information shall be provided in a usable electronic format such as Excel. |
| 21 days form Order approving Notice to putative class members | Plaintiffs' counsel shall send by mail and/or e-mail and/or text message the Court approved Notice and Consent Form to the putative class members. |
| 90 days from Notice is mailed to putative class members | The putative class members shall have 90 days to return their signed Consent Form for filing with the Court. |
| 30 Days from Notice is mailed to putative class members | Plaintiffs' counsel is authorized, if necessary, to send by mail and/or e-mail a second identical copy of the Notice and Consent Form to the putative class members reminding them of the deadline for the submission of the Consent Form. |

**B. Courts in The Fifth Circuit Routinely Require The Production Of Names, Addresses, E-Mail Addresses And Phone Numbers For The Notice Process**

---

[1] Because of the inherent limits of the text message format, Plaintiffs proposes the following special Text Notice, which is closely based on the form of Text Notice approved by the Court in *Martin v. Sprint/United Mgmt.*, cited above:

"If you worked for HD and Associates at any time since [3 years from date of Order], you may be entitled to join a lawsuit claiming back pay and overtime wages. For additional information about the case, including how to join, please call the workers' attorneys at 504-833-5600."

Plaintiffs request that the Court order Defendant to provide counsel for Plaintiffs and the putative class members the names, current or last known addresses, e-mail addresses, and phone numbers for current and former employees fitting the description of the conditionally certified class. District Courts and the Fifth Circuit routinely require defendants to produce the requested information and allow the issuance of notice through the requested conduits. *White*, 2013 WL 2903070, at *9 (collecting "ample authority indicating that federal district courts, including courts in the Eastern District of Louisiana and the Fifth Circuit, frequently utilize e-mail to provide notice of collective actions to potential class members"); *Kervin v. Supreme Service & Specialty Company, Inc.*, C.A. No. 2:15-cv-01172-SM-KWR (E.D. La. Aug. 25, 2015) (R. Doc. 74) (ordering the production of addresses, e-mail addresses, phone numbers); *Altier v. Worley Catastrophe Response, LLC*, 2012 WL 161824, at *27 (E.D. La. Jan. 18, 2012) (Wilkinson, M.J.) (providing notice of proposed settlement agreement in a collective action via e-mail); *Criswell v. Higman Marine Inc.*, No. G-12-36 (S.D. Tex. June 12, 2012) (Froeschner, M.J.) (ECF No. 25) (ordering the production of physical and e-mail addresses). There is no reason why this Court should deviate from this well-reasoned approach to the notice and consent process.

### C. HD Is Prohibited from Discouraging Current and Former Employees from Joining the Lawsuit

While the FLSA expressly prohibits any type of retaliation or dissuasion by a defendant during a pending case, Plaintiffs request an order to this effect out of an abundance of caution. Plaintiffs respectfully requests the Court follow the lead of Judge Alfred Bennett from the Southern District of Texas and order Defendant to abstain from any communications regarding the lawsuit:

Defendant is hereby prohibited from communicating directly or indirectly, with any Putative Class Members about any matters which touch or concern settlement of any outstanding

wage claims, or other matters related to this suit, during the opt-in period. Defendant shall instruct all of its managers of the requirements of this Order. This Order shall not restrict Defendant from discussion with any Putative Class Members matter that arise in the normal course of business.

*Benzon et al. v. National Oilwell Varco, L.P.*, C.A. 4:14-cv-2582 (S.D. Tex. June 18, 2015) (R. Doc. 33) (Bennett, J.).

The only reason HD would need to discuss this collective action with the putative class members before the end of the opt-in period would be to dissuade them from participating in this lawsuit. To allow HD unfettered access to the putative class members is analogous to the proverbial "letting the fox in the hen house" and strongly contradicts the remedial purposes of the FLSA.

## IV.
## CONCLUSION

Plaintiffs has more than met their burden to show that other similarly situated individuals exist and are interested in asserting their claims. In order to facilitate the purposes of the FLSA's collective action provisions, Plaintiffs respectfully request that the Court grant this Motion and: (1) conditionally certify this case as a Collective Action; (2) order HD to produce to Plaintiff's counsel a computer-readable data file containing all Putative Class Members' names, last-known addresses, e-mail addresses, telephone numbers, and dates of employment/work within twenty-one (21) days from the date of the Order; (3) authorize the issuance of Plaintiff's proposed Notice and attached Consent Form (attached as Exhibit 2) to all Putative Class Members; (4) authorize the use of text message to provide notice to Putative Class Members; (5) authorize a notice period allowing Putative Class Members ninety (90) days from the date the Notice is sent out to submit their Consents to join with Plaintiff's counsel; (6) posting of the notice, along with the consent

forms, in conspicuous locations at all of HD's locations; and (7) an Order prohibiting retaliation by HD or its managers against individuals who opt-in to this lawsuit.

Respectfully Submitted:

*/s/ Ryan P. Monsour*

_____

GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
ZACHARY R. SMITH (#37316)
*Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiff*

## **CERTIFICATE**

I certify that I have served a copy of the above and foregoing pleading using this Court's CM/ECF system to counsel of record participating in the CM/ECF system, or by placing signed copies in the United States mail, postage prepaid, to counsel of record not participating in the CM/ECF system on this 8th day of November, 2019.

*/s/ Ryan P. Monsour*

_____