UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BYRON TAYLOR, TERRAINE R. DENNIS, KENNETH HUNTER, KENDALL MATTHEWS, and LONNIE TREAUDO, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>V.<br><br>HD AND ASSOCIATES, LLC, and JOHN DAVILLIER<br><br>    Defendants | CASE NO.  2:19-cv-10635-ILRL-JVW<br><br>JUDGE IVAN L.R. LEMELLE<br><br>MAG. JANIS VAN MEERVEED |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

This memorandum is submitted on behalf of Plaintiffs and in support of their Motion to Compel Discovery regarding Defendants' evasive and incomplete responses to certain discovery requests, as outlined below.

**FACTUAL BACKGROUND**

This case arises under the Fair Labor Standards Act ("FLSA"). HD and Associates, LLC and its owner and managing member, John Davillier, willfully misclassified their technicians as independent contractors instead of employees to avoid their overtime allegations under the FLSA. Defendants also violated their obligation under the FLSA to maintain records regarding the hours worked by the technicians.  Defendants readily admit that no overtime wages were ever paid to any of its technicians and no records of hours were kept.  Defendants continue to assert that Plaintiffs were not employees despite the actual employment relationship between the parties. Moreover, during the deposition of John Davillier, Plaintiffs learned that Defendants decision to

1

classify its technicians as independent contractors is contrary to Defendants' designation that its technicians were employees when submitting its Payroll Protection Plan ("PPP") loan application earlier this year. Plaintiffs submitted the attached discovery to be answered by Defendants, which specifically addresses Defendants' PPP loan application, the dates and hours worked by Plaintiffs, and the amount paid to Plaintiffs by Defendants. (*See* Exhibit 1). These questions and/or documents are not only discoverable, but go to the very issues of employment categorization and overtime owed, which are disputed by Defendants.

## THE SCOPE OF ALLOWABLE DISCOVERY

Fed. R. Civ. P. 26(b)(1), as amended in 2015, provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As the Court wrote in *Chubb Integrated Systems Ltd. v. National Bank of Washington*, 103 F.R.D. 52, 59 (D.C. D.C. 1984):

> The Concept of relevance is broadly construed at the discovery stage of an action and discovery rules are to be accorded liberal treatment. Likewise, in *Parker v. Ritter*, 2010 WL 419398, *4 (D. Colo. 2010) the Court wrote, "discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense." See also *Hartford Fire Ins. Co. v. P&H Cattle Co. Inc*., 2009 WL 2951120, *6 (D. Kan. 2009).

Indeed, as it relates to relevance, the burden of proof is as follows:

> A party seeking discovery is merely required to make a threshold showing of relevance, which is more relaxed than the showing required for relevance in the context of admissibility. The party resisting production of discovery bears the burden of establishing lack of relevancy or that complying with the

>request would be unduly burdensome. *Lyon v. Barkers Life and Casualty Co.*, 2011 WL 124629, \*6 (D. S.D. 2011).

See also *Gulf Oil Co. v. Bernard*, 452 US 89, 102, 101 S.Ct. 2193, 68 LEd.2d 693 (1981).

**DEFENDANTS' RESPONSES AND PROVIDED REQUESTED DOCUMENTS**

As part of a continuing effort to understand the inner workings of HD and Associates, LLC, as well as address the misclassification issue, Plaintiffs served Defendants with their 2nd Set of Interrogatories, 2nd Request for Production of Documents, and 1st Request for Admissions. Defendants provided incomplete, evasive responses to these discovery requests.

Plaintiffs' 2nd Set of Interrogatories, which were propounded upon Defendants on September 8, 2020 and responded to by Defendants on October 21, 2020 inquire about HD and Associates, LLC's PPP loan application. (*See* Exhibit 2). Specifically, and as way of background, during the deposition of John Davillier, Plaintiffs learned that HD included all of its current technicians under "employees" and in calculating the company's payroll amount when applying for its PPP loan. HD did this despite currently maintaining that such technicians are independent contractors and that their present technicians did the exact same job as those who are plaintiffs in this litigation. Given this discrepancy, this information, which is addressed in Interrogatories 1 – 5, 8, 9 is highly relevant to the misclassification issue that is front and center to this case. Aside the PPP issue, in Interrogatory No. 7, Plaintiffs requested that Defendants provide the amount paid to each Plaintiff. Defendants respond by stating that it has no duty to summarize data, and refuses to provide an actual answer. Such a response is unacceptable as Plaintiffs have the right to know exactly what Defendants assert was paid given such issues will be relevant a trial. A similar response is provided to Interrogatory No. 10. When asked to provide the total number of hours that HD contends that each individual plaintiff worked during each work week, Defendants, again, state that it is essentially under no obligation to answer this question and that Plaintiffs should

summarize the data. Again, such an invasive answer does not fulfill Defendants' discovery obligations and more responsive answer is owed to Plaintiffs.

Plaintiffs' 2nd Request for Documents contains five requests, none of which documents were provided for. In Request for Documents No. 1, Plaintiffs ask for a copy of HD's PPP loan application, including any supporting documentation, that was submitted to Hancock Whitney Bank. In response, Defendants suggest that the information sought does not relate to the class period and is not intended or expected to lead to admissible information. This is simple not true. Through sworn testimony of John Davillier, Plaintiffs know that HD listed its cable technicians as employees in its PPP loan application, Plaintiffs also know that the technicians who are included on HD's PPP loan application were performing the same exact job as those who are Plaintiffs to this lawsuit. For defendants to states that such information is irrelevant is simply erroneous. This same response is provided for Request for Documents No. 3, 4, and 5, all of which concern HD's PPP loan application, and all of which relate to the categorization of HD's cable technicians as employees or independent contactors.

## CONCLUSION

For the reasons assigned, the Motion to Compel Discovery should be granted.

Respectfully Submitted:

*/s/ Ryan P. Monsour*

_____
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
*HMS Law Firm*
3850 N. Causeway Blvd., Suite 590
Metairie, LA 70002
Telephone: (504) 356-0110
Facsimile: (504) 356-0112
*Counsel for Plaintiff*

4

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served on all parties through their counsel of record, by notification through electronic filing, by electronic mail, facsimile, hand delivery, or placing a copy of same in the United States mail, postage prepaid and properly addressed, this 28th day of October, 2020.

/s/ *Ryan P. Monsour*
_____