UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BYRON TAYLOR, TERRAINE R. DENNIS, KENNETH HUNTER, KENDALL MATTHEWS, and LONNIE TREAUDO, on Behalf of Himself and on Behalf of All Others Similarly Situated, <br><br>    Plaintiffs, <br><br> V. <br><br> HD AND ASSOCIATES, LLC, and JOHN DAVILLIER <br><br>    Defendants. | CASE NO.  2:19-cv-10635-ILRL-JVW <br><br> JUDGE IVAN L.R. LEMELLE <br><br> MAG. JANIS VAN MEERVEED |

**PLAINTIFFS' 2ND SET OF INTERROGATORIES, 2ND REQUEST FOR PRODUCTION OF DOCUMENTS, AND 1ST REQUEST FOR ADMISSIONS**

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs, Byron Taylor, Terraine R. Dennis, Kenneth Hunter, Kendall Matthews, and Lonnie Treaudo, on behalf of themselves and all others who have opted into this lawsuit ("Plaintiffs"), hereby request that Defendant, HD and Associates, LLC ("HD"), respond within thirty (30) days from the date of service hereof, to the following Second Set of Interrogatories, Second Set of Request for Production of Documents, and First Request for Admissions. The following discovery shall be deemed continuing, and the response shall be timely amended or supplemented as provided in Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1.      Unless otherwise noted, the terms "Defendant," "you," and "yours" refer to Defendant HD and Associates, LLC, and any parent, subsidiary, predecessor, successor, or related entity, as well as any officer, director, consultant, owner, agent, investigator, advisor, manager,

attorney, or employee of Defendant, and any other person, agent, or entity acting on behalf of Defendant.

2. "Action" refers to the above-captioned case filed against Defendants, HD and Associates, LLC and John Davillier.

3. "Complaint" means the Complaint filed by Plaintiffs in this Action.

4. "Concerning" includes, without limitation, referencing, referring to, relating to, being relevant to, pertaining to, reflecting, discussing, regarding, embodying, showing support for, contradicting, commenting upon, opining about, making a prediction concerning, evaluating, identifying, describing, mentioning, analyzing, reflecting, constituting, or in any way being logically or factually connected with or affording information related to the specified matter, directly or indirectly.

5. "Document" shall have the broadest meaning possible under Rules 26 and 34 of the Federal Rules of Civil Procedure, and includes, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different from original) of all written, printed, typewritten or otherwise recorded or graphic matter, or electronic matter, however produced or reproduced, whether or not now in existence, of files, contracts, correspondence, telegrams, agreements, letters, electronic communications, e-mail messages or other electronic data, administrative complaints, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, electronic recordings, video recordings, motion pictures, evaluations, reviews, counselings,

commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, stenographers' notes and/or other notebooks, desk calendars and/or other calendars, appointment books, newspaper and/or other advertisements or articles, blueprints, accounting work sheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

6. "Identify" means, with respect to a person and unless otherwise specified herein, to provide as applicable the person's full name, present or last known address and telephone number, and occupation, title, and business affiliation for the person's present or last known position of employment.

7. "Person" means and includes any natural person, individual, corporation, firm, proprietorship, partnership, either limited or general, association, joint venture, or other legal, business or governmental entity, whether foreign or domestic. "Person" includes any division, subdivision, affiliate, subsidiary, agent, attorney, or employee of the person.

8. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean without limitation. The word "any" means "each and every" as well as "any one." The word "each" shall be understood to include "every." The use of the past tense includes the present tense and the use of the present tense includes the past tense so as to make the statement inclusive rather than exclusive. The singular includes the plural and vice versa. Masculine, feminine, and neutral nouns and pronouns shall include one another, as appropriate.

## INTERROGATORIES

**Interrogatory No. 1**

As testified to during John Davillier's deposition on September 4, 2020, please describe what exact guidance was used in determining that HD was correct in including its cable technicians as part of the number of employees in HD's Paycheck Protection Program ("PPP") loan application.

**Interrogatory No. 2**

Please state the number of employees specified on HD's PPP loan application.

**Interrogatory No. 3**

Please state the name and job title for each individual that was included as part of the number of employees in HD's PPP loan application. Please also state which individuals received a W-2 for 2019, and which individuals will receive a W-2 for 2020.

**Interrogatory No. 4**

Please state the amount of money received by HD from its PPP loan application.

**Interrogatory No. 5**

Please state the amount paid to each employee accounted for in HD's PPP loan application.

**Interrogatory No. 6**

Please state the dates worked by each plaintiff during the period of time approved by the Court pursuant to this litigation.

**Interrogatory No. 7**

Please state the amount paid to each plaintiff for each week worked during the period of time approved by the Court pursuant to this litigation.

**Interrogatory No. 8**

Of the total amount of PPP loan received by HD, how much was paid to employees?

**Interrogatory No. 9**

What is the present balance of the PPP loan provided to HD? If the entire amount of the PPP loan has been exhausted, please indicate the date of exhaustion.

**Interrogatory No. 10**

For each plaintiff in this litigation, please state the total number of hours that HD contends that each individual plaintiff worked during each work week as a technician. Also, please state your methodology for calculating same.

## REQUEST FOR DOCUMENTS

**Request for Documents No. 1**

Please provide a copy of HD's PPP loan application, including any supporting documentation, that was submitted to Hancock Whitney Bank.

**Request for Documents No. 2**

Please provide the pay records of each plaintiff as HD has previously produced for Byron Taylor.

**Request for Documents No. 3**

As testified to during John Davillier's deposition on September 4, 2020, please provide a copy of all guidance used by HD in deciding to include its cable technicians as part of the number of employees stated its PPP loan application.

**Request for Documents No. 4**

For each cable technician that was included in HD's PPP loan application, please provide the pay records that show such pay was provided as a result of HD's PPP loan.

**Request for Documents No. 5**

Please provide copies of any and all checks, direct deposit records, or other financial documents showing how HD spent its PPP loan.

## REQUEST FOR ADMISSIONS

**Request for Admissions No. 1**

Admit or deny that HD included cable technicians in the number of employees HD submitted in its PPP loan application.

**Request for Admissions No. 2**

Admit or deny that the cable technicians that HD included in the number of employees on its PPP loan application were categorized as independent contractors by HD.

**Request for Admissions No. 3**

Admit or deny that HD cable technicians were paid with PPP funds.

**Request for Admission No. 4**

Admit or deny that plaintiffs in this litigation were employees of HD, as opposed to independent contractors.

**Request for Admission No. 5**

Admit or deny that HD had previously withheld federal payroll taxes from the cable technicians it included in the number of employees HD submitted in its PPP loan application.

Respectfully Submitted,

_____
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
*HMS Law Firm*
3850 N. Causeway Blvd., Suite 590
Metairie, Louisiana 70002
Telephone: (504) 356-0110
Facsimile: (504) 356-0112

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by placing a copy of same in the United States mail, postage prepaid and properly addressed, this __8th__ day of September, 2020.

_____