UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BYRON TAYLOR, on behalf of himself and all others similarly situated,<br>   Plaintiff<br><br>VERSUS<br><br>HD AND ASSOCIATES, LLC and JOHN DAVILLIER<br>   Defendants | Case No. 2:19-cv-10635-ILRL-JVW<br><br>JUDGE IVAN L.R. LEMELLE<br><br>MAG. JANIS VAN MEERVELD<br><br>SECTION "B-1" |

**DEFENDANTS' RESPONSES TO PLAINTIFFS' 2nd SET OF INTERROGATORIES, 2nd REQUEST FOR PRODUCTION OF DOCUMENTS, and 1st REQUEST FOR ADMISSIONS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants HD AND ASSOCIATES, LLC ("HDA") and JOHN DAVILLIER ("Davillier"), respond to Plaintiff's, BYRON TAYLOR, on behalf of himself and all others who have opted into this lawsuit ("Plaintiffs"), Second Set of Interrogatories, Second Set of Request for Production of Documents, and First Request for Admissions as follows:

**General Objections**

HDA and Davillier stipulate that HDA applied for and received a PPP loan to finance payroll that included current technicians and none of the Plaintiffs. HDA filled out the application and provided the information required, including the IRS Form 1099's for each independent contractor technician that was at that time on the payroll of HDA. None of the Plaintiffs in this matter were identified in the PPP application. This process took place entirely outside the class period set by the Court in the instant matter and after the engagement of every Plaintiff had terminated. Moreover, the PPP loan application does not define "employees" in a manner that is informative to the definitions and exclusions applied by the FLSA

and the attendant "economic realities" jurisprudence. HDA therefore objects to any additional responses as the information sought regarding "PPP" is not relevant to the instant claims by the Plaintiffs and is not intended or likely to lead to admissible information. Further objecting, it appears from the nature of the questions that Plaintiffs to harass HDA and Davillier by arguing that the PPP funds obtained were somehow obtained improperly. HDA and Davillier reject this proposition, but this litigation is not the place for that issue to be heard.

## INTERROGATORIES

**Interrogatory No. 1:**

As testified to during John Davillier's deposition on September 4,2020, please describe what exact guidance was used in determining what HD was correct in including its cable technicians as part of the number of employees in HD's Paycheck Protection Program ("PPP") load application.

**Response to Interrogatory No. 1:**

HDA stipulates that it applied for and received a PPP loan to finance payroll that included current technicians and none of the Plaintiffs. HDA filled out the application and provided the information required, including the IRS Form 1099's for each independent contractor technician that was at that time on the payroll of HDA. None of the Plaintiffs in this matter were included in the PPP application. This process took place entirely outside the class period set by the Court in the instant matter and after the engagement of every Plaintiff had terminated. Moreover, the PPP loan application does not define "employees" in a manner that is informative to the definitions and exclusions applied by the FLSA and the attendant "economic realities" jurisprudence. HDA therefore objects to providing further detailed responses as the information sought is not relevant to the instant claims by the Plaintiffs and is not intended or likely to lead to admissible information.

**Interrogatory No. 2:**

Please state the number of employees specified on HD's PPP loan application.

**Response to Interrogatory No. 2:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

**Interrogatory No. 3:**

Please state the name and job title for each individual that was included as part of the number of employees in HD's PPP loan application. Please also state which individuals received a W-2 for 2019, and which individuals will receive a W-2 for 2020.

**Response to Interrogatory No. 3:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

**Interrogatory No. 4:**

Please state the amount of money received by HD from its PPP loan application.

**Response to Interrogatory No. 4:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

**Interrogatory No. 5:**

Please state the amount paid to each employee accounted for in HD's PPP loan application.

**Response to Interrogatory No. 5:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

**Interrogatory No. 6:**

Please state the dates worked by each plaintiff during the period of time approved by the Court pursuant to this litigation.

**Response to Interrogatory No. 6:**

|  |  | Start | End |
|---|---|---|---|
| Taylor | Byron | February 23, 2019 | May 10, 2019 |
| Edmond, Jr | John E. | September 8, 2018 | January 18, 2019 |
| Triche | George | June 1, 2017 | February 1, 2019 |
| Endmond | Alfred | December 31, 2017 | November 23, 2018 |
| Trudeau | Lonnie | April 15, 2017 | January 25, 2018 |
| Matthews | Kendall | November 26, 2016 | May 11, 2017 |
| Horton | Kenneth | December 3, 2016 | May 4, 2017 |
| Dennis | Terrainne | July 23, 2016 | May 2, 2017 |
| Nelson | Trewayne M. | July 11, 2019 | September 13, 2019 |
| Charles | Jonathan | Supervisor | Supervisor |

**Interrogatory No. 7:**

Please state the amount paid to each plaintiff for each week worked during the period of time approved by the Court pursuant to this litigation.

**Response to Interrogatory No. 7:**

HDA does not possess this information in the summary format requested and objects to summarizing the data for the Plaintiffs. Responsive documents containing this information have been provided to plaintiffs. The task of summarizing that data is as easy for Plaintiffs as it is for HDA or John Davillier.

**Interrogatory No. 8:**

Of the total amount of PPP loan received by HD, how much was paid to employees?

**Response to Interrogatory No.8:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

**Interrogatory No. 9:**

What is the present balance of the PPP loan provided to HD? If the entire amount of the PPP loan has been exhausted, please indicate the date of exhaustion.

**Response to Interrogatory No. 9:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

**Interrogatory No. 10:**

For each plaintiff in this litigation, please state the total number of hours that HD contends that each individual plaintiff worked during each work week as a technician. Also, please state your methodology for calculating same.

**Response to Interrogatory No. 10:**

HDA does not possess this information in the summary format requested and objects to summarizing the data for the Plaintiffs. Responsive documents containing this information have been provided to plaintiffs. The task of summarizing that data is as easy for Plaintiffs as it is for HDA or John Davillier.

## REQUEST FOR DOCUMENTS

**Request for Documents No. 1:**

Please provide a copy of HD's PPP loan application, including any supporting documentation, that was submitted to Hancock Whitney Bank.

**Response to Request for Documents No. 1:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

**Request for Documents No. 2:**

Please provide the pay records of each plaintiff as HD has previously produced for Byron Taylor.

**Response to Request for Documents No. 2:**

All responsive documents containing this information in the possession of HDA have been provided to plaintiffs.

**Request for Documents No. 3:**

As testified to during John Davillier's deposition on September 4, 2020, please provide a copy of all guidance used by HD in deciding to include its cable technicians as part of the number of employees stated its PPP loan application.

**Response to Request for Documents No. 3:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

**Request for Documents No. 4:**

For each cable technician that was included in HD's PPP loan application, please provide the pay records that show such pay was provided as a result of HD's PPP loan.

**Response to Request for Documents No. 4:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

**Request for Documents No. 5:**

Please provide copies of any and all checks, direct deposit records, or other financial documents showing how HD spent its PPP loan.

**Response to Request for Documents No. 5:**

HDA objects to providing further detailed responses as the information sought does not relate to the class period set by the Court in the instant matter and or the engagement of any Plaintiff and is not intended or expected to lead to admissible information.

## REQUEST FOR ADMISSIONS

**Request for Admissions No. 1:**

Admit or deny that HD included cable technicians in the number of employees HD submitted in its PPP loan application.

**Response to Request for Admissions No. 1:**

HDA filled out the PPP application and provided the information required, including the IRS Form 1099's for each independent contractor technician that was at that time on the payroll of HDA.

**Request for Admissions No. 2:**

Admit or deny that the cable technicians that HD included in the number of employees on its PPP loan application were categorized as independent contractors by HD.

**Response to Request for Admissions No. 2:**

HDA filled out the PPP application and provided the information required, including the IRS Form 1099's for each independent contractor technician that was at that time on the payroll of HDA.

**Request for Admissions No. 3:**

Admit or deny that HD cable technicians were paid with PPP funds.

**Response to Request for Admissions No. 3:**

Admitted.

**Request for Admission No. 4:**

Admit or deny that plaintiffs in this litigation were employees of HD, as opposed to independent contractors.

**Response to Request for Admissions No. 4:**

Denied.

**Request for Admission No. 5:**

Admit or deny that HD had previously withheld federal payroll taxes from the cable technicians it included in the number of employees HD submitted in its PPP loan application.

**Response to Request for Admissions No. 5:**

Denied.

Respectfully submitted,
**DAVILLIER LAW GROUP, LLC**

*/s/ Charles F. Zimmer II*
Charline K. Gipson (LSBA No. 32780)
Charles F. Zimmer II (LSBA No. 26759)
935 Gravier Street, Suite 1702
New Orleans, LA 70112
Phone: 504-582-6998 | Fax: 504-582-6985
Email: cgipson@davillierlawgroup.com
        czimmer@davillierlawgroup.com

**COUNSEL FOR DEFENDANTS HD AND ASSOCIATES, LLC AND JOHN DAVILLIER**

## CERTIFICATE OF SERVICE

I do hereby certify that I have this date delivered, by mail, fax and/or e-mail, a true and correct copy of the foregoing document to all known counsel of record.

SO CERTIFIED, this the 21st day of October 2020.

*/s/ Charles F. Zimmer II*
Charles F. Zimmer II