UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BYRON TAYLOR, ET AL., <br> Plaintiff, <br><br> V. <br><br> HD AND ASSOCIATES, LLC, <br> Defendant. | CIVIL ACTION NO. <br> 2:19-CV-10635-ILRL-JVM <br><br> JUDGE IVAN L.R. LEMELLE <br><br> MAG. JANIS VAN MEERVELD |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel come Defendants HD and Associates, LLC ("HDA") and John Davillier ("Davillier") who move this Honorable Court to grant summary judgment based on the fact Defendants are not subject to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.), as follows;

**I.    ISSUE PRESENTED**

The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) applies to "enterprises" as defined to include businesses that "conduct trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." At ***no time*** during the relevant time period did HDA conduct trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof. HDA's exclusive operations were inside the State of Louisiana.

Can the Plaintiffs proceed to trial under the FLSA when there is no material dispute that HDA is not a covered enterprise as defined by 29 U.S.C. § 203(b) and (r)(1)?

## II. FACTUAL AND PROCEDURAL HISTORY

HDA is a minority-owned New Orleans company started by John Davillier in 2010. For a brief period before 2016, HDA worked in Nebraska as a subcontractor. That assignment ended in 2015, and since that time HDA has not done any work outside the borders of Louisiana. The vast majority of HDA's work since 2015 has been as a subcontractor to Cox Communications in New Orleans Metro Area. In that role HDA provides technicians for the installation, troubleshooting and repair of television, telephone, and internet services provided by Cox. HDA does not provide any services to the end-user regarding the actual transmission of data. HDA does not build, buy, or sell the cable, television or telephone equipment used by Cox customers – HDA just connects them for Cox, the seller and provider.

HDA obtains all the supplies, materials and equipment for its work from Cox, in Louisiana. HDA does not do any installations, troubleshooting or repairs outside of Louisiana. And HDA does not buy any items used for said work outside the state. HDA simply provides labor to Cox in Louisiana as a subcontractor. The Plaintiffs here, former independent contractor technicians engaged by HDA after 2016, did not do any work for HDA outside of Louisiana. No technicians engaged by HDA within the last four years have worked outside of Louisiana. Those technicians that worked with HDA on the sole engagement in Nebraska in 2015 were residents of Nebraska and did not work for HDA in Louisiana.

The Plaintiffs filed suit against HDA and its managing member, John Davillier, for violation of the FLSA for the three-year period of May 21, 2016 to May 22, 2019. This Honorable Court limited the representative class period to one year from the initiation of the instant action – *e.g.*, May 21, 2018 to May 21, 2019. Multiple named Plaintiffs were not engaged

by HDA within that one-year period. Plaintiffs allege three essential elements of an FLSA claim, as follows:

1. At all times relevant to this dispute, HD has been an *enterprise engaged in commerce* or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).[1]

2. At all times relevant to this dispute, HD has been an *enterprise within the meaning of the FLSA*. 29 U.S.C. § 203(r).[2]

3. At all times relevant to this dispute, Plaintiffs and the Class Members were employees *engaged in commerce* or the production of goods for commerce as required by 29 U.S.C. § 207.[3]

Plaintiffs pled zero facts to support these essential elements. Instead, Plaintiffs merely recite the statutory language to facially satisfy jurisdiction of the federal FLSA statutory regime over HDA and John Davillier. Plaintiffs did not allege a single violation of Louisiana labor laws in the original or amended and supplemented complaints, relying exclusively on federal subject matter jurisdiction.

In the process of conducting discovery of the underlying facts associated with the instant case, Defendants have confirmed that HDA did not engage in interstate commerce during the three-year period the Plaintiffs claim violations of the FLSA. Plaintiffs have deposed John Davillier on two occasions and on neither occasion did they seek to elicit support for the above claim that HDA is an enterprise engaged in interstate commerce. Plaintiffs were well aware that HDA contested jurisdiction before discovery concluded, as the answers and affirmative defenses of HDA and John Davillier each refuted the applicability of FLSA jurisdiction to HDA's work:

> Plaintiffs do not have a viable claim under the FLSA because HDA was not an enterprise as defined by 29 U.S.C. §203(b) and (s)(1)

---

[1] Rec. Doc. 1 at para. 10. (*emphasis added*)
[2] Rec. Doc. 1 at para. 9. (*emphasis added*)
[3] Rec. Doc. 20 at para. 12. (*emphasis added*)

> during the relevant time period in question as it was not engaged in interstate commerce.[4]
>
> ….
>
> HDA was not an enterprise as defined by 29 U.S.C. §203(b) and (s)(1) during the relevant time period in question as it was not engaged in interstate commerce.[5]

Discovery has revealed that while HDA had engaged in interstate commerce for a brief period of time in 2015, it had not done so in more than three years preceding the filing of the complaint by Plaintiff, Byron Taylor, on May 22, 2019. (Rec. Doc. 1) As such, HDA was not engaged in interstate commerce during the 2016 to 2019 period of the Plaintiffs' allegations of FLSA violations, or the class period, and is not an "enterprise" as defined in the act.

## II. LAW AND ANALYSIS.

### A. The Summary Judgment Standard

As the Court is familiar, the summary judgment mechanism is designed to efficiently resolve claims where the evidence shows there is no genuine issue as to a material fact such that the moving party is entitled to a judgment as a matter of law. *See* FRCP 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A disputed fact qualifies as a "genuine issue of material

---

[4] Amended Answer to Amended Complaint by HDA at Affirmative Defense paras. 19 or Rec. Doc. 42 and Amended Answer to Amended Complaint by John Davillier at Rec. Doc. 43 at para. 34 and Affirmative Defense paras. 19.

[5] Rec. Docs. 42 and 43, Amended Answer to Amended Complaint by HDA and John Davillier respectively, at para. 10.

fact" in the summary judgment analysis "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* And as the Supreme Court has explained, "[t]he mere existence of a scintilla of evidence in support of the position will be insufficient; there must be *evidence* on which the jury could reasonably find for the plaintiff." *Id.* at 252 *(emphasis added)*. Moreover, "[a] mere allegation by the nonmovant that a dispute over material facts exists between the parties will not defeat a movant's otherwise properly supported motion for summary judgment." *Stafford v. True Temper Sports*, 123 F.3d 291, 294 (5th Cir. 1997).

**B.     Interstate Commerce Is Required for FLSA Application.**

In order for the FLSA to apply, the Plaintiff must prove that at the time of the alleged statutory violation he or she was engaged in interstate commerce as a non-exempt employee (29 U.S.C. §207(a)(1)), or that the employer was an enterprise engaged in interstate commerce (29 U.S.C. §203(s)(1)).[6] There was simply no way for any HDA employee to be engaged in interstate commerce as HDA's only work during the relevant time period was in-state cable installation and repair work. There is, therefore, no genuine issue of material fact that HDA is *not* subject to the FLSA as it is not an enterprise engaged in interstate commerce, nor were any of the Plaintiffs. This conclusion is plain from the face of the Act and has been confirmed by numerous prior opinions.

The Act defines the following critical terms as follows when establishing the jurisdictional[7] limits of the FLSA:

---

[6] *Chaisson v. Pellerin & Sons, Inc.*, 2019 U.S. Dist. LEXIS 205513, *7 (W.D. La. 11/25/2019)
[7] *Ridley v. Penbar, Inc.*, 2018 U.S. Dist. LEXIS 5758, *6, 2018 WL 398231 (S.D. Tex. 2018)("To establish jurisdiction for an overtime violation under the FLSA the plaintiff-employee mush show either, (1) individual coverage … or (2) enterprise coverage…")

> § 203. Definitions
>
> As used in this Act—
>
> …
>
> (b) "*Commerce*" means ***trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof***.
>
> …
>
> (s) (1) "Enterprise engaged in *commerce* or in the production of goods for commerce" means an enterprise that—
>
> (A) (i) has employees engaged in ***commerce or in the production of goods for commerce***, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and…

In short, to be an "Enterprise engaged in commerce" under FLSA, HDA would have to be involved directly[8] in "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." HDA is not an enterprise engaged in commerce under FLSA.

To find coverage as an employee under the FLSA, the ***Plaintiffs must prove*** there were "employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 USCS § 207(a)(1). Plaintiffs have not revealed an support for this essential claim.

---

[8] *Ridley v. Penbar, Inc.*, 2018 U.S. Dist. LEXIS 5758, *5, 2018 WL 398231 (S.D. Tex. 2018); *quoting Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) ("The FLSA applies only to individuals and enterprises engaged in activities constituting interstate commerce, **not activities merely affecting commerce**.") (*emphasis added*). *See also, Reagor v. Okmulgee County Family Res. Ctr., Inc.*, 501 Fed. Appx. 805, 810 (10th Cir. 2012) ("Ms. Reagor's assertion of securing pharmacy prescriptions that had been manufactured and distributed in interstate commerce consists of merely handling goods which have already been delivered to the consumer. See 29 U.S.C. § 203(i). Because Ms. Reagor has failed to plausibly suggest that she engaged in interstate commerce, we cannot draw a reasonable inference that [Defendant] is liable for overtime pay under the FLSA.")

The Plaintiffs' complaint is based entirely on the overtime pay requirements of 29 U.S.C. §207(a)(1). This statute specifies a minimum overtime pay for employees engaged in *interstate commerce* as follows:

> § 207. Maximum hours
>
> (a) ***Employees engaged in interstate commerce***; additional applicability to employees pursuant to subsequent amendatory provisions.
>
> (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in ***commerce*** or in the production of goods for ***commerce***, or is employed in an ***enterprise engaged in commerce*** or in the ***production of goods for commerce***, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

HDA denies that its independent contractor technicians are non-exempt employees under the FLSA – in fact, they are exempted as commissioned contractors. But assuming for the sake of argument that these plaintiffs were non-exempt employees, the FLSA overtime-rules cited as the sole basis for this lawsuit do not apply to HDA. HDA was not involved in interstate commerce at the time of the alleged violation, nor were any of its technicians[9] engaged in commerce or in the production of goods for commerce. Therefore, the FLSA does not provide the Plaintiffs with a basis to seek damages from HDA, and Plaintiffs' claims fail on the merits.

**C.      Fifth Circuit Jurisprudence on FLSA is Conclusive.**

The grant of summary judgment is required from the face of the Act, and that fact is confirmed by the jurisprudence. There are only two ways to establish FLSA coverage, via enterprise coverage or individual employee coverage. HDA did not conduct ***any*** interstate

---
[9] To be clear, HDA expressly denies and disputes that the independent contractor technicians it engaged are non-exempt "employees" under the FLSA.

commerce during the period the Plaintiffs allege violations of the FLSA. *See* Affidavit of John Davillier at Exhibit 1. None of the technicians of HDA in any way engaged in interstate commerce while working with HDA after 2015. *Id*. Further, none of the technicians that worked on the pre-2015 project in Nebraska are Plaintiffs in this case – they also were residents of Nebraska and not Louisiana. And none of those Nebraska technicians worked with HDA in the last four years – *e.g.*, longer than even the three-year bad faith statutory period applicable for FLSA claims. The FLSA simply does not apply to HDA or the instant Plaintiffs for the time period at issue in this case – May 2018 to May 2019.

> The FLSA **applies only to individuals and enterprises engaged in "activities constituting interstate commerce**, not activities merely affecting commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (*citing McLeod v. Threlkeld*, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L. Ed. 1538 (1943)).

*Ridley v. Penbar, Inc.*, 2018 U.S. Dist. LEXIS 5758, *5, 2018 WL 398231 (S.D. Tex. 2018) (*emphasis added*). As the *Penbar* Court goes on to explain, engaging in interstate commerce is not a button once clicked that puts that employee or enterprise under federal jurisdiction forever. Instead, "[t]o adequately plead individual coverage under the FLSA, Plaintiffs must allege that, ***at times relevant to their claim***, they were 'engaged in commerce or in the production of goods for commerce.' 29 U.S.C. § 207(a)(2)(C)." *Id*. Even while applying the far more lenient motion to dismiss standard, the *Penbar* Court found that the bald assertion that the Plaintiffs/employees satisfied the interstate commerce requirement, was insufficient.

> To determine whether there is individual coverage under the FLSA, the Fifth Circuit asks "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity."[10]
> …

---
[10] *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007).

> In the motion to dismiss context, plaintiffs who allege the elements of individual coverage under the FLSA without explaining their involvement in interstate commerce do not sufficiently plead individual coverage. *Coleman []*.[11] The court in *Coleman* held that a plaintiff who did not "[plead] specific facts that establish individual or enterprise coverage," but instead only "recite[d] the statutory elements of FLSA coverage," did not establish coverage under the FLSA. *Id.*
>
> **Here, Plaintiffs' complaint alleges no facts in support of individual coverage except that Plaintiffs "engaged in commerce through the operation of Regency Village."** [] The *Iqbal*[12] standard requires that plaintiffs plead enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[]. Plaintiffs do not provide facts to support the conclusion that,… they were engaged in interstate commerce. Therefore, Plaintiff fail to plead a short and plain statement showing that they qualify for FLSA relief based on individual coverage as required by Rule 8(a)(2).

*Penbar*, *supra*, at *7 (*emphasis added*). Similar to its findings regarding employee coverage under FLSA, the *Penbar* Court concluded that the Plaintiffs' claims were deficient in that they rested on conclusion statements that the Defendant was engaged in commerce. "Plaintiffs' allegations of enterprise coverage are conclusory statements, and they do not supply facts that would nudge that claim across 'the line from conceivable to plausible.' [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)]."

    The instant Plaintiffs are in a far less protected position than the Plaintiffs in *Penbar*. The plaintiffs in *Penbar* faced a *Twombly* challenge where inferences are drawn in their favor. As the *Penbar* Court explained, even with those inferences the plaintiff must do more than regurgitate the statute: "In the motion to dismiss context, plaintiffs who allege the elements of individual coverage under the FLSA without explaining their involvement in interstate commerce do not sufficiently plead individual coverage. *Coleman v. John Moore Servs., Inc.*, No. H-13-2090,

---

[11] *Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 U.S. Dist. LEXIS 1501, 2014 WL 51290, at *5 (S.D. Tex. Jan. 7, 2014) (Rosenthal, J.)
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

2014 U.S. Dist. LEXIS 1501, 2014 WL 51290, at *5 (S.D. Tex. Jan. 7, 2014)" *Penbar, supra*, at *7. Meanwhile, the instant Plaintiffs find themselves at the end of discovery.

At this stage, the Plaintiffs must present factual evidence sufficient to raise a triable issue as to HDA activities outside Louisiana. It simply cannot be done, and discovery is closed.

### III. CONCLUSION

Byron Taylor and the other Plaintiffs have no evidence to support the critical contention that HDA was an *enterprise engaged in commerce* within the meaning of the FLSA (29 U.S.C. § 203(s)(1)) during the collective action period.[13] The Plaintiffs did not do any work for HDA outside of Louisiana. No technicians engaged by HDA within the last four years have worked outside of Louisiana. There is no disputing that HDA is not an enterprise as defined by 29 U.S.C. § 203(s)(1). HDA and John Davillier respectfully move for an order granting summary judgment and dismissing the Plaintiffs' claims with prejudice.

**Respectfully submitted**,

**DAVILLIER LAW GROUP, LLC**

/s/ Charles F. Zimmer II
Charline K. Gipson. LSBA No. 32780
Charles F. Zimmer II, LSBA No. 26759
935 Gravier Street; Suite 1702
New Orleans, Louisiana  70112
(504) 582-6998  Office
(504) 582-6985         Facsimile
cgiposon@davillierlawgroup.com
czimmer@davillierlawgroup.com

***Counsel for HD and Associates, LLC and John Davillier***

---

[13] Rec. Doc. 1 at para. 10. (*emphasis added*)

## Certificate of Service

I certify that I have served a copy of the above and foregoing pleading via Notice of Electronic filing using this 28th of October 2020.

/s/ Charles F. Zimmer II
Charles F. Zimmer II
