# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON TAYLOR, ET AL.,**<br>**Plaintiff,**<br><br>**V.**<br><br>**HD AND ASSOCIATES, LLC,**<br>**Defendant.** | **CIVIL ACTION NO.**<br>**2:19-CV-10635-ILRL-JVM**<br><br>**JUDGE IVAN L.R. LEMELLE**<br><br>**MAG. JANIS VAN MEERVELD** |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

**NOW INTO COURT**, come Defendants, HD and Associates, LLC and John Davillier (hereinafter "HDA" or "Defendants"), who herby file their response to Plaintiffs' Motion to Compel Discovery ("Motion") filed in this matter.

## I.  INTRODUCTION

Plaintiffs' motion should be denied where (1) Plaintiffs present no citation, information, evidence or argument in opposition to the legitimate objections levied by Defendants, (2) have failed to meet their burden to show that the information sought is relevant and reasonably calculated to lead to discovery of admissible evidence and (3) Plaintiffs' clear purpose in sending the discovery requests and filing the motion to compel is merely to abuse the discovery process by harassing Defendants and/or unnecessarily increasing the cost of this litigation. For the reasons more fully set forth below, Plaintiffs' motion to compel should be denied. Further, Plaintiffs' have also failed to put forth any legitimate reason why the information previously produced by Defendant's is insufficient. Plaintiffs would like Defendants to summarize the information for ease of use, but that is the role of an expert.

## II. BACKGROUND

On May 22, 2019, Byron Taylor filed a complaint with the United States District Court for the Eastern District of Louisiana on behalf of himself and on behalf of all others similarly situated alleging that HDA violated the FLSA by failing to pay its cable technicians for overtime worked. *See* Complaint (Doc.1). Plaintiff moved for conditional certification of a collective action comprised of the FLSA claims of similar cable technicians, and the Court granted that motion on March 18, 2020. *See* Oder, March 18, 2020, (Doc. 61), ("Order").

The Court order issued on March 18, 2020, defined the collective class period to include only cable technicians that were employed by HDA within 12 months of plaintiffs' demand letter to Defendant or the filing of this court action, whichever occurred earliest. *Id.* The controlling class period includes cable technicians who were engaged by HDA in the 12-months immediately preceding the filing of the Complaint in this matter on May 22, 2019. This collective action includes the FLSA claims of cable technicians that were employed by HDA between May 22, 2018 and May 22, 2019.

## III. LAW AND ARGUMENT

Federal discovery rules are designed to enable the parties to a litigation the ability to elicit the basis for another parties' allegations and to prepare defenses to the charges made; they are not designated to permit a party to make broad-based allegations without any basis for a belief in those allegations and then to invade the records of an opposing party in an attempt to determine whether or not a cause of action exists. *Equal Employment Opportunity Com'n v. Carter Carburtor, Div. of ACF Industries, Inc.,* 76 F.R.D. 143 (E.D. Mo. 1977), mandamus issued, 577 F. F.2d 43 (8th Cir. 1978), cert. denied, 439 U.S. 1081, 99 S.Ct. 865, 59 L. Ed. 2d 52. Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." But discovery does have "ultimate and necessary

boundaries."[1] While the relevancy requirement is to be given liberal construction, certainly there are bounds. Under Rule 26, Plaintiff is not entitled to discovery that merely "might lead to relevant and admissible evidence."[2] "Perhaps the single most important word in Rule 26(b)(1) is 'relevant,' for it is only relevant matter that may be the subject of discovery." *Federal Practice and Procedure, Civil 3d Section 2008, by Wright Miller Marcus* citing *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 979 (3d Cir. 1988), judgement aff'd, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed. 2d 571 (1990).

A determination of relevancy is tied to applicable substantive law and then weighed against six proportionality factors. Any information sought that is not relevant to a party's claim or defense is not discoverable, regardless of proportionality. The Court must additionally limit the frequency and extent of discovery if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

In their Motion, Plaintiffs seek an Order to compel Defendants to produce:

(1) records and information pertaining to HDA's PPP loan including, but not limited to, application details submitted, documents utilized to support PPP loan application, monies received from PPP loan, and details regarding how the PPP monies were distributed (Interrogatories Nos. 1-5, 8 and 9; Request for Production Nos. 1,3, 4 and 5) *See* Doc. 102-3; and

(2) information regarding the amounts paid to each Plaintiff and hours worked by each plaintiff (Interrogatories Nos. 7 and 10; Request for Production No. 2). *See* Doc. 102-3.

---

[1] *Oppenheimer Fund, Inc., v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L. Ed. 2d 253 (1978).
[2] *Marks v. Shaw Constructors,* No. 00-3202, 2001 U.S. Dist. LEXIS 15694, 2001 WL 1132028, at 1 (E.D. La. Sept. 24, 2001).

### A. HDA's 2020 PPP Loan Application Details

Plaintiffs' seek information from Defendants regarding their 2020 PPP loan application process, which took place entirely outside the class period set by the Court in the instant matter and after the engagement of every Plaintiff involved in this matter had been terminated, in order to prove that Defendants willfully misclassified Plaintiffs in this action as independent contractors and not employees. However, a Small Business Association regulated PPP loan application does not govern whether or not Plaintiffs were employees of HDA during the relevant collective class period at issue in this matter.

Deviating from the steep burden of proof before it, Plaintiffs claim "the strongest evidence"[3] they have that Plaintiffs are employees and not independent contractors is that HDA applied for a loan from the Small Business Administration pursuant to its Paycheck Protection Program, 7(a) Loan Program ("PPP"). Without citing any law or attaching any support, Plaintiffs' claim HDA admits its technicians are employees under the FLSA simply because it listed each of its technicians and included their IRS Form 1099 data in the PPP application. HDA did include the 1009 data in its loan application, but that is far from an admission under any of the applicable employee status tests, or any other *legal* analysis, as to the FLSA coverage of as an employee. As John Davillier explained many times in his depo, "I included everyone that fit the guidelines of the PPP loan…I followed the guidelines and communicated with my bank regarding the PPP guidelines, and that's what I did."[4]

A brief Google search on the topic reveals the SBA itself caused great confusion in the accounting and banking industry by including the following definition in its April 2, 2020 Interim Final Rule regarding who could get PPP loans:

> You are eligible for a PPP loan if you have 500 or fewer employees whose principal place of residence is in the United States, or are a

---

[3] Rec. Doc. 97-1 at p. 11 of 13.
[4] Deposition of John Davillier, Rec. Doc. 97-5, at 21:21 to 36:11.

> business that operates in a certain industry and meet the applicable SBA employee-based size standards for that industry, and:
> …
> ii. You were in operation on February 15, 2020 and **either** had employees for whom you paid salaries and payroll taxes **or paid independent contractors, as reported on a Form 1099-MISC**.[5]

There are numerous financial and accounting websites and articles from Forbes[6] and similar publications that discuss this confusion during the mess that was the SBA's PPP launch, and the independent contractor coverage. SBA has subsequently amended this Interim Final Rule many times, ultimately allowing independent contractors to obtain PPP loans directly.[7] This is not evidence of anything, and certainly not relevant to the instant motion. But it is acknowledged that, as Plaintiffs argue, this "evidence," which does not apply to a single Plaintiff or even the relevant class time period at issue here, may be the *best evidence* Plaintiffs have to prove employee status. However, this simple assertion with no supporting argument does not meet the burden required to show that the information sought is relevant to this litigation and reasonably calculated to lead to the discovery of admissible evidence. In fact, and simply for the purposes of argument, for Plaintiffs to carelessly assume that the definition of 'employee' as utilized in the Small Business Association PPP loan application is synonymous with the definition of 'employee' used under the FLSA requirements without any supporting argument, is not only improper, but intentionally misleading.

As noted in Defendants' discovery responses to the line of questioning regarding HDA's PPP Loan application,

> "HDA stipulates that it applied for an received a PPP loan to finance payroll that included current technicians and none of the Plaintiffs. HDA filed out the application and provided the information required, including the IRS Form 1099's for each independent contractor technician that was at that time on the payroll of HDA. None of the Plaintiffs in this matter were included in the PPP application. This process took

---

[5] https://www.sba.gov/sites/default/files/2020-04/PPP--IFRN%20FINAL_0.pdf
[6] *See, e.g.*, https://www.forbes.com/sites/anthonynitti/2020/04/05/paycheck-protection-program-loans-three-things-the-sba-and-banks-need-to-agree-on-now/?sh=789b86f31a32; https://prudentlenders.com/sba-lending-knowledge-base-articles/paycheck-protection-program-frequently-asked-questions
[7] *See, e.g.*, https://www.bswllc.com/resources-articles-sba-releases-additional-guidance-for-paycheck-protection-program

place entirely outside the class period set by the Court in the instant matter and after the engagement of every Plaintiff had been terminated. Moreover, the PPP loan application does not define "employees" in a manner that is informative to the definitions and exclusions applied by the FLSA and the attendant "economic realities" jurisprudence. HDA therefore objects to providing further detailed responses as the information sought is not relevant to the instant claims by the Plaintiffs and is not intended or likely to lead to admissible information."

*See* Defendants' Reponses to Plaintiff's 2nd Set of Discovery, Doc. 102-3 at Page 2. Defendants believe they have sufficiently answered and provided more than enough information considering Plaintiffs' line of questioning despite the same being wholly irrelevant to this litigation. Any request for additional information regarding same should be denied.

### B. Information Regarding Amounts Paid to Each Plaintiff and Time Worked

Despite Plaintiffs assertions, Defendants have produced all time and payroll records in its possession pertaining to the Plaintiffs involved in this litigation. In fact, Defendants have produced records in excess of 90,000 pages pertaining to the information sought by Plaintiffs. It was from the use of this very same information that Defendants' expert, John Page, was able to develop his expert analysis and prepare a detailed report regarding same. (Rec. Doc. 84-7). However, Plaintiffs have not retained an expert to analyze this key employment data, which is a shortfall they must bear the burden of.

Defendants have taken the time to collect this voluminous about of information and provide it to Plaintiffs for their review and analysis. Out of the 90,000 plus pages of documents produced, Plaintiffs now hyperbolically complain that the records for Plaintiffs are "fundamentally useless" (apparently, Plaintiffs' position is that because they can not look at the information with ease and ascertain the information they seek, it renders the information useless and/or missing). However, the information that Plaintiff now seeks to be compelled has already been produced to them.

As noted in Defendants' response to Plaintiffs' discovery requests, "HDA does not possess the information in the summary format requested and objects to summarizing the data for the

Plaintiffs. All responsive documents containing the information sought has been provided to Plaintiffs. The task of summarizing that data is as easy for Plaintiffs as it is for Defendants." *See* Defendants' Responses to Plaintiffs 2nd Set of Discovery, Doc. 102-3 at page 4. Defendants' utilized the services of an expert consultant to analyze the data and did so for the purposes of understanding the details of that data. Plaintiffs chose not to do the same. Any request for Defendants to summarize the information already produced to Plaintiffs and or to reproduce the same information in a different format for ease of understanding should be denied.

## CONCLUSION

Plaintiffs have failed to meet their burden to show that discovery of all documents pertaining to HDA PPP loan application is proportional and relevant to the needs, claims and/or defenses at issue in this matter. In reality, Plaintiffs' discovery requests and Motion to Compel have little to do with the actual facts and issues to be litigated in this case. Instead, Plaintiffs completely ignore the voluminous information produced by Defendants, fail to set forth any arguments supporting their claims and simply ask the Court to force Defendants to produced information that is completely irrelevant to the claims of the Plaintiffs involved in this litigation. Plaintiffs' requests serve no legitimate purpose other than another attempt to improperly harass the Defendants and unnecessarily increase the cost of this litigation.

In addition, Defendants have acted in good faith and have produced all relevant payroll and time records in its possession to Plaintiffs. Plaintiffs inability to analyze that information and their failure to retain the services of an expert to assist should not be grounds to compel Defendants to reproduce and summarize the same documents previously provided in order for Plaintiffs' to utilize same. Accordingly, for the reasons asserted herein, Plaintiffs' Motion to Compel Discovery should be denied.

**Respectfully submitted**,

**DAVILLIER LAW GROUP, LLC**

/s/ Jonathan D. Lewis
Charline K. Gipson, LSBA No. 32780
Charles F. Zimmer II, LSBA No. 26759
Jonathan D. Lewis, LSBA No. 37207
935 Gravier Street; Suite 1702
New Orleans, Louisiana 70112
(504) 582-6998 Office
(504) 582-6985 Facsimile
cgiposon@davillierlawgroup.com
czimmer@davillierlawgroup.com
*Counsel for HD and Associates, LLC and John Davillier*

## Certificate of Service

I certify that I have served a copy of the above and foregoing pleading via Notice of Electronic filing using this Court's CM/ECF system to counsel of record participating in the CM/ECF system on this 10th day of November 2020.

*/s/*Jonathan D. Lewis
Jonathan D. Lewis