UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BYRON TAYLOR, TERRAINE R. DENNIS, KENNETH HUNTER, KENDALL MATTHEWS, and LONNIE TREAUDO, on Behalf of Himself and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> V. <br><br> HD AND ASSOCIATES, LLC, and JOHN DAVILLIER <br><br> Defendants. | CASE NO.  2:19-cv-10635-ILRL-JVW <br><br> JUDGE IVAN L.R. LEMELLE <br><br> MAG. JANIS VAN MEERVELD |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
STATEMENT OF MATERIAL FACTS [R. DOC. 103-3]**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Byron Taylor, Terraine R. Dennis, Kenneth Hunter, Kendall Mathews, Lonnie Treaudo, and Jonathan Charles, who pursuant to LR 56.2 respectfully respond to Defendants' statement of material facts accompanying their Motion for Summary Judgment alleging that HDA is not a covered enterprise under the Fair Labor Standards Act (FLSA) [R. Doc. 103]:

**Defendants' Alleged Material Fact #1:**

1. HDA was formed in 2010. Around 2015 it began performing work for Cox Communications ("Cox").

**Plaintiffs' Response:**

Undisputed.

1

**Defendants' Alleged Material Fact #2:**

2.   Cox sells cable and internet access. The equipment HDA installs is owned by Cox and rented to is customers. Installation, maintenance and troubleshooting of this equipment is included in the package price contracted for between Cox and its end customer.

**Plaintiffs' Response:**

Undisputed.

**Defendants' Alleged Material Fact #3:**

3.   As a subcontractor to Cox, HDA provides independent contractor technicians to perform the installation, troubleshooting and repair of cable television, telephone, and internet services provided by Cox to its residential customers. HDA does not provide technician services for Cox's business clients.

**Plaintiffs' Response:**

Disputed in part. Plaintiffs do not dispute that HDA was a subcontractor to Cox. However, Plaintiffs dispute that HDA's technicians were independent contractors. In order to satisfy its obligations under the Field Service Agreement with Cox, a Delaware business corporation headquartered in Atlanta, Georgia, HDA had employees[1] perform services for Cox customers, including manual labor to install, troubleshoot, and repair cable television, telephone, and internet equipment and services.[2] For the purpose of this motion, Plaintiffs do not dispute that HDA did not provide technician services for Cox's business clients.

---

[1] Whether Plaintiffs are employees is a disputed fact and legal issue still pending before this Court in Plaintiffs' Motion for Summary Judgment [R. Doc. 97]. Defendants' motion for leave to file an untimely opposition to this Motion [R. Doc. 109] is also pending.

[2] Exhibit 1 – Field Service Agreement Between HD and Cox.

2

**Defendants' Alleged Material Fact #4:**

4.      HDA does not manufacture any equipment or transmit any data or add its services to a product that is then resold across state lines. HDA stores an inventory of Cox-owned equipment for installations but does not take ownership of the equipment.

**Plaintiffs' Response:**

Disputed in part. While HDA does not manufacture any equipment or add its own services to a product that is then resold across state lines, its contract with Cox, an out-of-state corporation, necessarily requires HDA's employees to handle and work on goods and materials that have been moved in interstate commerce.[3] Plaintiffs do not dispute that "HDA stores an inventory of Cox-owned equipment for installations but does not take ownership of the equipment."

**Defendants' Alleged Material Fact #5:**

5.      HDA performs all its work inside Louisiana. HDA has not performed any work outside Louisiana since 2015.

**Plaintiffs' Response:**

Undisputed.

**Defendants' Alleged Material Fact #6:**

6.      Cox generates a work order for services requested by its customer using its proprietary software, coding the services into preset defined technical terms that the technician can understand to plan and perform the work. Cox then bundles its workorders for a given day and builds them into a route for each technician with anticipated times of arrival at each customer's residence based on a set time estimate for that work order.

---

[3] Ex. 1; *see also* Def.'s Answer to Amended Complaint, ¶17 [R. Doc. 9].

**Plaintiffs' Response:**

Undisputed.

**Defendants' Alleged Material Fact #7:**

7. HDA only provides labor to Cox in Louisiana as a subcontractor.

**Plaintiffs' Response:**

Undisputed.

**Defendants' Alleged Material Fact #8:**

8. The Plaintiffs here, former independent contractor technicians engaged by HDA after 2016, did not do any work for HDA outside of Louisiana.

**Plaintiffs' Response:**

Disputed in part. Plaintiffs do not dispute that they did not do any work for HDA outside of Louisiana. However, Plaintiffs dispute that HDA's technicians were independent contractors. In order to satisfy its obligations under the Field Service Agreement with Cox, HDA had employees[4] perform services for Cox customers including manual labor to install, troubleshoot, and repair cable television, telephone, and internet equipment and services.

**Defendants' Alleged Material Fact #9:**

9. No technicians engaged by HDA within the last four years have worked outside of Louisiana. Those technicians that worked with HDA on the sole engagement in Nebraska in 2015 were residents of Nebraska and did not work for HDA in Louisiana.

**Plaintiffs' Response:**

To the extent this fact refers to Plaintiffs in the instant matter, undisputed.

---

[4] Whether Plaintiffs are employees is a disputed fact, and legal issue, still pending before this Court in Plaintiffs' Motion for Summary Judgment (R. Doc. 97). Defendants' motion for leave to file an untimely opposition to this Motion (R. Doc. 109) is also pending.

Respectfully submitted,

/s/ Ryan P. Monsour
PRESTON L. HAYES (LA #29898)
RYAN P. MONSOUR (LA #33286)
HMS Law Firm
3850 N. Causeway Blvd., Suite 590
Metairie, LA 70002
Telephone: (504) 356-0110
Facsimile: (504) 356-0112
*Attorneys for Plaintiffs and Others Similarly Situated*

And

*/s/ Casey Rose Denson*
**Casey Rose Denson (La. Bar #33363)**
**Justine G. Daniel (La. Bar #36856)**
**Casey Denson Law, LLC**
3436 Magazine Street, Unit #7005
New Orleans, LA 70115
Phone: (504) 224-0110
Fax: (866) 838-8654
cdenson@caseydensonlaw.com
jdaniel@caseydensonlaw.com
*Attorneys for Plaintiff Jonathan Charles*

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on all parties through their counsel of record, by notification through electronic filing, by electronic mail, facsimile, hand delivery, or placing a copy of same in the United States mail, postage prepaid and properly addressed, this 16th day of November, 2020.

/s/ Ryan P. Monsour
_____