UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BYRON TAYLOR, ET AL. | * | CIVIL ACTION NO. 19-10635 |
| | * | |
| VERSUS | * | SECTION: "B"(1) |
| | * | |
| HD AND ASSOCIATES, LLC, ET AL. | * | JUDGE IVAN L. R. LEMELLE |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the plaintiffs' Motion to Compel. (Rec. Doc. 102). For the following reasons, the Motion is DENIED.  Oral argument set for November 18, 2020, is CANCELLED.

Background

This is an action to under the Fair Labor Standards Act ("FLSA"). Plaintiffs worked as cable technicians for HD and Associates LLC ("HD"). They allege that HD failed to pay them for all hours worked and also failed to pay appropriate overtime wages. On March 18, 2020, the district court conditionally certified this matter as a collective action. The conditional class is composed of cable technicians employed by HD within 12 months of plaintiffs' demand letter to the defendant or the filing of the court action, whichever occurred earlier.

According to the plaintiffs, the defendants admit that they did not pay overtime to the technicians and that no records of hours were kept. In this litigation, defendants take the position that the technicians were independent contractors, not employees. During the deposition of John Davillier, plaintiffs learned that in submitting its Payroll Protection Plan ("PPP") loan application, defendants designated their technicians as employees. Thereafter, plaintiffs served discovery regarding defendants' PPP loan application, the dates and hours worked by plaintiffs, and the amount paid to plaintiffs by the defendants. As to the PPP information, they insist this information

1

is relevant because HD still pays those same technicians as independent contractors, despite classifying them as employees in its PPP application. In the present motion to compel, plaintiffs contend that defendants' responses to that discovery are deficient. The following requests are at issue.

- ROG 1: Describe the guidance that was used in determining that its cable technicians were employees in its PPP loan application.

- ROG 2: State the number of employees on HD's PPP application.

- ROG 3: State the name and job title for all individuals included in the number of employees in the PPP application and state whether they received a W-2 for 2019 and will receive a W-2 for 2020.

- ROG 4: State the amount of money received from the PPP application.

- ROG 5: State the amount paid to each employee accounted for in the PPP application.

- ROG 7: State the amount paid to each plaintiff for each week worked during the period of time approved by the Court pursuant to this litigation.

- ROG 8: Of the total amount of PPP loan received, how much was paid to employees?

- ROG 9: What is the present balance of PPP loan provided to HD and if exhausted, indicated the date of exhaustion.

- ROG 10: For each plaintiff, state the total number of hours that HD contends each individual plaintiff worked during each work week as a technician and your methodology for calculating same.

- RFP 1: Produce a copy of HD's PPP loan application and supporting documentation.

- RFP 3: Provide a copy of all guidance used by HD in deciding to include its technicians in the number of employees stated on the PPP loan application.

- RFP 4: For each cable technician included in the PPP loan application, provide pay records showing that such pay was provided as a result of HD's PPP Loan.
- RFP 5: Provide copies of any and all checks, direct deposit records, or other financial documents showing how HD spent its PPP loan.

The dispute can be broken into two categories: (1) plaintiffs' request for additional information related to the PPP loan and (2) plaintiffs' request that defendants calculate the hours worked and amounts paid to the plaintiffs. With regard to the PPP loan, HD's position is that none of the plaintiffs were included in the PPP loan application because the loan application took place after the plaintiffs' terminated their engagement with the defendants and outside of the class period set by the Court. Additionally, defendants contend that the definition of employees for purposes of the PPP loan is not informative to the definitions and exclusions applied by the FLSA. They refuse to provide any additional information to plaintiffs' interrogatories 1-5 and 8-9 and requests for production 1 and 3-5. In their opposition memorandum, defendants point out that the Small Business Association ("SBA") included the following definition in its April 2, 2020, Interim Final Rule regarding who could get PPP loans: "You are eligible for a PPP loan if . . . . [y]ou were in operation on February 15, 2020 and **either** had employees for whom you paid salaries and payroll taxes **or paid independent contractors, as reported on a Form 1099-MISC**." https://www.sba.gov/sites/default/files/2020-04/PPP--IFRN%20FINAL_0.pdf (emphasis added). Ultimately the SBA amended this Interim Final Rule to provide that independent contractors could obtain PPP loans directly. Defendants argue that their application is not evidence of anything. Defendants also point out that in their discovery responses they stipulated that they applied for a PPP loan that included current technicians.

3

As to pay information, defendants objected that they have produced pay records for the plaintiffs (in response to request for production 2). Thus, as to interrogatories 7 and 10, defendants say that they do not have this information in summary format and they argue that plaintiffs can use the documents produced to calculate the hours worked and amounts paid just as easily as the defendants can. In their opposition memorandum, defendants point out that they have produced 90,000 pages of records and that their expert was able to use this information to develop a detailed analysis.

## Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

2. *PPP Loan Information*

The court finds that the PPP loan information sought by the plaintiffs is not relevant to the present litigation. The loan application does not include any current plaintiffs and all of HD's actions with regard to the PPP loan took place after the plaintiffs ceased to work for them. Moreover, the PPP is a different statutory scheme than the FLSA. As HD points out, the SBA indicated that a company could obtain a PPP loan for its 1099 independent contractors. Thus, HD's

submission of an application for its current independent contractors (which it apparently clearly identified as 1099 contractors by submitting their 1099 paperwork) does not amount to any kind of admission that those independent contractors are employees under the FLSA. In any event, HD has stipulated that it included these independent contractors in its PPP loan application. The PPP loan documents and details about PPP loan payments are completely irrelevant to the issue of the plaintiffs' employee status under the FLSA. The court will not compel their production.

3. *Calculation of Hours Worked and Amounts Paid*

There appears to be no dispute that defendants have produced the source payroll documents that plaintiffs seek. Rather than responding to plaintiffs' interrogatories regarding how much time plaintiffs worked and how much money they made, defendants have pointed to this information. Federal Rule of Civil Procedure 33(d) explicitly provides that:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33

Because plaintiffs can obtain the answer to their questions just as easily as the defendants can from the information produced, defendants are permitted to cite the documents and leave the calculations to be plaintiffs. The court will not compel the defendants to perform these calculations for the plaintiffs.

Conclusion

For the foregoing reasons, plaintiffs' Motion to Compel (Rec. Doc. 102) is DENIED. Oral argument set for November 18, 2020, is CANCELLED.

New Orleans, Louisiana, this 16th day of November, 2020.

_____
Janis van Meerveld
United States Magistrate Judge